


Michael Cohen - #98066
LAW OFFICES OF BRUCE E. KRELL
345 Grove Street
San Francisco, CA 94102
415/861-4414
Fax: 415/431-4526

Attorney for Plaintiff

UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA

Barbara Johnson,                         No. C0802272EDL

    Plaintiff,                          MEMORANDUM OF POINTS AND AUTHORITIES IN
                                         SUPPORT OF MOTION TO NARROW SUBPENAE
vs.                                      DUCES TECUM

Northwest Airlines, Inc et al,
                                         DATE: 7/22/08
    Defendant.                          TIME: 9:00 A.M.
_____/                  DEPT: Courtroom "E", 15th Floor

**SUMMARY OF ARGUMENT**

    Defendant has promulgated subpenae duces tecum for any and all records of Plaintiff from health care providers who treated Plaintiff for conditions not directly related to the injuries and/or conditions Plaintiff has tendered herein. Under long settled law, the subpenae must be narrowed to exclude conditions not directly related to the injuries and/or conditions Plaintiff has tendered.

**FACTS**

    Besides the health care providers whom Plaintiff has seen only in connection with the injuries and/or conditions she has tendered herein (as to the subpenae to which health care providers Plaintiff makes no objection), Defendant has also subpenaed records of Foto-Med Solutions, San Francisco General Hospital and SF Community Health Network, all of which health care providers Plaintiff has had occasion to visit for injuries and/or conditions which are

1

not directly relevant to the injuries and/or conditions Plaintiff has tendered herein.

Defendant's subpenae are overbroad and violative of Plaintiff's privacy rights in that they are not limited to the injuries and/or conditions Plaintiff has tendered herein. The case arises from Defendant's failure to provide Plaintiff with a wheelchair necessitated by her lupus and arthritis conditions; and the injuries and/or conditions Plaintiff has tendered herein involve only her right hip, wrist, back and knee; plus the lupus and arthritis.

Defendant's subpenae seek:

From Foto-Med Solutions:

ANY AND ALL RADIOLOGICAL FILMS INCLUDING BUT NOT LIMITED TO X-RAY FILMS, MRIS AND CT SCANS

EXCLUDE ANY AND ALL OB/GYN AND BILLING RECORDS.

From San Francisco General Hospital

ALL DOCUMENTS RELATING TO PATIENT'S MEDICAL/DENTAL HISTORIES; COMPLAINTS; SYMPTOMS; EXAMINATIONS; FINDINGS; DIAGNOSIS; PROGNOSIS; SIGN-IN SHEETS; PHOTOGRAPHS; VIDEO TAPES; TREATMENT; PHYSICAL THERAPY; INCLUDING WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, ALL CORRESPONDENCE INCLUDING BUT NOT LIMITED TO OTHER WRITTEN OR GRAPHIC MATERIAL.

EXCLUDE ANY AND ALL OB/GYN RECORDS.

From the Billing Department: ANY AND ALL BILLING RECORDS AND RECORDS OF PAYMENTS.

From SF Community Health Network:

ALL DOCUMENTS & ORIGINAL RADIOLOGICAL FILMS, INCLUDING BUT NOT LIMITED TO X-RAY FILMS, MRIS, CT SCANS, RELATING TO PATIENT'S MEDICAL/DENTAL HISTORIES; COMPLAINTS; SYMPTOMS; EXAMINATIONS; FINDINGS; DIAGNOSIS; PROGNOSIS; SIGN-IN SHEETS; PHOTOGRAPHS; VIDEO TAPES; TREATMENT; PHYSICAL THERAPY; INCLUDING WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, ALL CORRESPONDENCE INCLUDING BUT NOT LIMITED TO OTHER WRITTEN OR GRAPHIC MATERIAL.

EXCLUDE ANY AND ALL OB/GYN AND BILLING RECORDS

* INCLUDE RECORDS OF DR. DAN WLODARCZYK. *

## LAW[1]

### Discovery of Anything in Plaintiff's Medical History not "Directly Relevant" to the Injuries Tendered by Plaintiff Herein is Barred

*In Re Lifschutz* (1970) 2 C3d 415, and *Britt v. Superior Court* (1978) 20 C3d 844, along with the privacy amendment to the California Constitution[2], constitute the source of greatly heightened privacy rights in California.

*Lifschutz*, a case involving mental condition, narrowed considerably the definition of the relevance that could permit invasion of the privacy rights of persons who actively tender their injuries as issues in litigation, by limiting such relevance to "those mental conditions the patient/litigant has 'disclose[d] ... by bringing an action in which they are in issue' ...." (Emphasis original.) *Id.*, at p. 434.

As the court stated in response to the defendant's claim that the patient-litigant exception is absolute:

> If the provision had as broad an effect as is suggested by petitioner, it might effectively deter many psychotherapeutic patients from instituting any general claim for mental suffering and damage out of fear of opening up all past communication to discovery. This result would clearly be an intolerable and overbroad intrusion into the patient's privacy, not sufficiently limited to the legitimate state interest embodied in the provision and would create opportunities for harassment and blackmail.
>
> In light of these considerations, the "automatic" waiver of privilege contemplated by section 1016 must be construed not as a complete waiver of the privilege but only as a limited waiver concomitant with the purposes of the exception. Under section 1016 disclosure can be compelled only with respect to those mental conditions the patient-litigant has "disclose[d] ... by bringing an action in which they are in issue" (Citation); communications which are not

---

[1] Where state law supplies the rule of decision (e.g., diversity actions), privacy claims are determined under applicable state law. FRE 501; *Oakes v. Halvorsen Marine Ltd.* (CD CA 1998) 179 FRD 281, 284.
  The party or person whose privacy is affected may either object to the discovery request or seek a protective order. *Laxalt v. McClatchy* (DC Cir. 1987) 809 F2d 885, 889.

[2] Art. 1, sec. 1. This provision applies to all privacy invasions, not just those by government; and it creates a cause of action broader than the common law, which requires publication to a number of persons. *Porten v. University of San Francisco* (1976) 64 CA3d 825.

3

Memorandum of Points and Authorities in Support of Motion to Narrow Subpenae Duces Tecum

    directly relevant to those specific conditions do not fall within the terms of section 1016's exception and therefore remain privileged.  Disclosure cannot be compelled with respect to other aspects of the patient-litigant's personality even though they may, in some sense, be "relevant" to the substantive issues of the litigation.  The patient thus is not obligated to sacrifice all privacy to seek redress for a specific mental or emotional injury; the scope of the inquiry permitted depends upon the nature of the injuries which the patient-litigant himself has brought before the court. (Emphasis original.) *Id.*, at pp. 434-435.

In *Britt, supra*, a case where the plaintiffs were seeking damages for <u>physical</u> injuries as well as emotional distress, the Supreme Court issued mandate against an order compelling the plaintiffs to make wholesale disclosure of their entire lifetime medical histories.  In doing so, the court, following *Lifschutz*, held that the defendants were strictly limited to discovery of medical information relating to the specific damage sought to be redressed in the lawsuit.

The restrictive scope of such "direct relevance" was further defined by the *Lifschutz* Court, as follows:

    Thus in the instant case, for example [a civil assault and battery], defendant would <u>not</u> be authorized to undertake an examination of psychotherapeutic communications to determine if the plaintiff has ever exhibited aggressive tendencies or had other personal attributes that might be related to the assault.  The plaintiff has not disclosed such elements of his mental condition merely by instituting an action for damages resulting from an assault and thus the exception of section 1016 is not applicable. <u>Id.</u>, at p. 435.  (Bracketed material and emphasis added.)

In *Davies v. Superior Court* (1984) 36 C3d 291, the concurring opinion of Justice Bird, after a thorough review of discovery privacy caselaw stated that, ". . . when a litigant's request for discovery touches another person's privacy interest, a litigant is not as free to obtain information as he might otherwise be. (Citation) A particularized need for the information must be established. How compelling this need must be will depend on the importance of the privacy interest involved."

In *Hallendorf v. Superior Court* (1978) 85 CA3d 553, a case following *Britt*, the plaintiff was a doctor who claimed that injuries to his arm and shoulder incurred in the subject automobile accident caused him to have to retire 3 1/2 years early from Kaiser, thus

4

engendering a sizable earnings loss.  Defense counsel therein subpenaed essentially all of the plaintiff's medical records, claiming there it had  reason to believe other medical and emotional conditions had contributed to the plaintiff's early retirement.

The plaintiff objected as to all conditions other than those related to the injuries he suffered in the accident - therefore not objecting to the release of records for previous treatment for bursitis.  The trial court ordered compliance with the subpena, but the appeals court agreed with the plaintiff and issued mandate against the trial court's order, remitting the case to the trial court to frame a narrow order in conformity with *Britt*.

Along these lines, in *Cutter v. Brownbridge* (1986) 183 CA3d 836, 843, the court stated that, even where disclosure is allowed, the applicable constitutional concerns require strict circumscription of the scope thereof.

Additionally, PLAINTIFF's position is supported by the general law regarding protective orders, which authorizes (a) limiting the scope of discovery on a finding (even if privacy rights are not involved) that its intrusiveness clearly outweighs the likelihood that the information sought will lead to admissible evidence [CC 2017(c)] and (b) limiting the various discovery procedures "as justice requires" to protect any party from unwarranted annoyance, embarrassment or oppression [See for example CCP 2025(i) regarding depositions, and CCP 2034 regarding expert discovery].

Further, privacy rights are *constitutional* in nature and cannot be waived either by technical issues [*Boler v. Sup.Ct. (Everett)* (1987) 201 CA3d 467, 472, fn. 1] or inadvertence [*State Compensation Ins. Fund v. WPS, Inc*. (1999) 70 CA4th 644, 654.]

In light of these authorities, resolution of this motion should be clear.  The defense has promulgated almost totally unlimited records subpenae to health care providers whom Plaintiff has visited in connection with injuries and/or conditions not directly related to those she has tendered herein.

Technically, all Defendant's subpenae (including those directed to health care providers

1  Plaintiff visited only in connection with the injuries and/or conditions he has tendered herein) are
2  overbroad and could therefore be ordered narrowed under the above-cited law, although such
3  narrowing as to the health care providers she visited only in connection with the injuries and/or
4  conditions she has tendered herein would have no actual effect since they would not bar
5  production of any records).  But Plaintiff is not interested in playing meaningless technical
6  games, only in protecting privacy rights in records actually protectible; and therefore Plaintiff
7  requests only that the subpenae to health care providers with protectible records be narrowed so
8  as to exclude such records.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully submits that the motion should be granted.

DATED: April 29, 2008                    Respectfully Submitted,


    /S/
MICHAEL COHEN

6

Memorandum of Points and Authorities in Support of Motion to Narrow Subpenae Duces Tecum