1  Michael Cohen - #98066
   LAW OFFICES OF BRUCE E. KRELL
2  345 Grove Street
   San Francisco, CA 94102
3  415/861-4414
   Fax: 415/431-4526
4
   Attorney for Plaintiff
5

6

7

8              UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA

9  Barbara Johnson,                    No. C0802272EDL

10       Plaintiff,                    DECLARATION OF MICHAEL COHEN IN SUPPORT
                                       OF MOTION TO NARROW SUBPENAE DUCES
11 vs.                                 TECUM

12 Northwest Airlines, Inc et al,
                                       DATE: 7/22/08
13       Defendant.                    TIME: 9:00 A.M.
   _____/                    DEPT: Courtroom "E", 15th Floor
14

15       I, MICHAEL COHEN, say:

16       1.      I am an attorney licensed to practice in the Courts of the United States Court,

17 Northern District of California, and one of the attorneys for Plaintiff.  I know the following

18 firsthand; and, if called upon to testify thereto, I could and would do so competently.

19       2.      Besides the health care providers whom Plaintiff has seen only in connection with

20 the injuries and/or conditions she has tendered herein (as to the subpenae to which health care

21 providers Plaintiff makes no objection), Defendant has also subpenaed records of Foto-Med

22 Solutions, San Francisco General Hospital and SF Community Health Network (the subpenae to

23 which are attached hereto and incorporated herein as Exhibit "A"), all of which health care

24 providers Plaintiff has had occasion to visit for injuries and/or conditions which are not directly

25 relevant to the injuries and/or conditions Plaintiff has tendered herein.

26       3.      The injuries and/or conditions Plaintiff has tendered herein involve only her right

1  hip, wrist, back and knee; plus the lupus and arthritis.

2      4.    Defendant's subpenae seek:

3          From Foto-Med Solutions:

4              ANY AND ALL RADIOLOGICAL FILMS INCLUDING
5  BUT NOT LIMITED TO X-RAY FILMS, MRIS AND CT SCANS

6              EXCLUDE ANY AND ALL OB/GYN AND BILLING
7  RECORDS.

8          From San Francisco General Hospital

9          ALL DOCUMENTS RELATING TO PATIENT'S
MEDICAL/DENTAL HISTORIES; COMPLAINTS; SYMPTOMS;
10  EXAMINATIONS; FINDINGS; DIAGNOSIS; PROGNOSIS; SIGN-IN
SHEETS; PHOTOGRAPHS; VIDEO TAPES; TREATMENT; PHYSICAL
11  THERAPY; INCLUDING WITHOUT LIMITING THE GENERALITY OF THE
FOREGOING, ALL CORRESPONDENCE INCLUDING BUT NOT LIMITED
12  TO OTHER WRITTEN OR GRAPHIC MATERIAL.

13              EXCLUDE ANY AND ALL OB/GYN RECORDS.

14      From the Billing Department: ANY AND ALL BILLING RECORDS AND
15  RECORDS OF PAYMENTS.

16          From SF Community Health Network:

17          ALL DOCUMENTS & ORIGINAL RADIOLOGICAL FILMS,
INCLUDING BUT NOT LIMITED TO X-RAY FILMS, MRIS, CT SCANS,
18  RELATING TO PATIENT'S MEDICAL/DENTAL HISTORIES;
COMPLAINTS; SYMPTOMS; EXAMINATIONS; FINDINGS; DIAGNOSIS;
19  PROGNOSIS; SIGN-IN SHEETS; PHOTOGRAPHS; VIDEO TAPES;
TREATMENT; PHYSICAL THERAPY; INCLUDING WITHOUT LIMITING
20  THE GENERALITY OF THE FOREGOING, ALL CORRESPONDENCE
INCLUDING BUT NOT LIMITED TO OTHER WRITTEN OR GRAPHIC
21  MATERIAL.

22          EXCLUDE ANY AND ALL OB/GYN AND BILLING RECORDS

23          * INCLUDE RECORDS OF DR. DAN WLODARCZYK. *

24      5.    Attached hereto and incorporated herein as Exhibit "B" is a true and correct copy
25  of the 4/10/08 "meet and confer" letter I sent to opposing counsel. Prior to bringing essentially
26  the same motion as the instant motion in State Court, I never received any response to that letter;

1 | and that motion was mooted by this case's Removal to Federal Court.

2 |     6.    Attached hereto and incorporated herein as Exhibit "C" is a true and correct copy
3 | of the 5/16/08 "meet and confer" letter by opposing counsel.
4 |     7.    Attached hereto and incorporated herein as Exhibit "D" is a true and correct coy
5 | of my 5/16/08 "meet and confer" letter.
6 | I declare under penalty of perjury under the laws of the United States of America that the
7 | foregoing is true and correct.
8 | DATED: June 13, 2008

                                         /S/
                                    MICHAEL COHEN

3

Declaration of Michael Cohen in Support of Motion to Narrow Subpenae Duces Tecum

# Issued by the
# UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | CALIFORNIA |

**BARBARA JOHNSON**

V.

**NORTHWEST AIRLINES, INC.**

## SUBPOENA IN A CIVIL CASE

Case Number:[1]  **C0802272EDL**

**Custodian of Records For:**
TO:  SAN FRANCISCO GENERAL HOSPITAL
ATTN: MEDICAL RECORDS
1001 POTRERO AVENUE, ROOM 2B5
SAN FRANCISCO, CA  94110

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**RE: BARBARA JOHNSON DOB:11/25/46**
  **AKA: BARBARA HUGHES**
  **MR #05051572**
  **See Attachment 3 for Details**

| PLACE  Quest Discovery Services    981 Ridder Park Drive<br>San Jose, CA  95131<br>(800) 800-6800 | DATE AND TIME  06/05/08<br>9:30 A.M. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>/S/                         **Attorney for: Defendant** | DATE<br>05/22/08 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER     **JENNIFER M. JOAQUIN, ESQ.**   **BAR #: 197109**<br>**KENNEY & MARKOWITZ    ATTORNEYS AT LAW**<br>**255 CALIFORNIA ST.  13TH FLOOR**<br>**SAN FRANCISCO, CA  94111  415-397-3100** | |

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT "A"

## Attachment 3

File #: **SJS806711**

SAN FRANCISCO GENERAL HOSPITAL

Pertaining To:  **BARBARA JOHNSON**
**AKA: BARBARA HUGHES**
**MR #05051572**

Date of Birth:  **11/25/46**

INCLUDE RECORDS FROM DR. MASATO NAGAO, DEPT OF ORTHOPEDIC SURGERY.

ALL DOCUMENTS RELATING TO PATIENT'S MEDICAL/DENTAL HISTORIES; COMPLAINTS; SYMPTOMS; EXAMINATIONS; FINDINGS; DIAGNOSIS; PROGNOSIS; SIGN-IN SHEETS; PHOTOGRAPHS; VIDEO TAPES; TREATMENT; PHYSICAL THERAPY; INCLUDING WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, ALL CORRESPONDENCE INCLUDING BUT NOT LIMITED TO OTHER WRITTEN OR GRAPHIC MATERIAL.

EXCLUDE ANY AND ALL OB/GYN RECORDS.

(PROOF OF SERVICE BY MAIL - Federal Rule 5(a))

I am employed in the county of SANTA CLARA, my business address is 981 RIDDER PARK DRIVE, SAN JOSE, CA 95131, I am over the age of eighteen (18), and am not a party to the within action(s). I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence described below will be deposited with the United States Postal Service today in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit. I served the within copy: SUBPOENA IN A CIVIL CASE, on the below listed entities in said actions by placing said documents in a sealed envelope with postage fully prepaid and addressed as follows:

BRUCE E. KRELL, INC.
ATTORNEYS AT LAW
345 GROVE STREET
SAN FRANCISCO, CA  94102
ATTN: MICHAEL COHEN, ESQ.
Represents: PLAINTIFF

and that they were deposited on 05/22/08 for deposit in the United States Postal Service and that the envelope was sealed and placed for collection and mailing that date at Quest Discovery Services, 981 RIDDER PARK DRIVE, SAN JOSE, CA 95131, following ordinary business practices.

DATED:   05/22/08 AT SAN JOSE, CALIFORNIA

I Declare under penalty of perjury that the foregoing is true and correct.

**This form was printed for all subpoenas in this series**

signature

/ MAILSERV

# Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BARBARA JOHNSON

**SUBPOENA IN A CIVIL CASE**

V.

NORTHWEST AIRLINES, INC.

Case Number:[1] C0802272EDL

**Custodian of Records For:**
TO: SF COMMUNITY HEALTH NETWORK
2401 KEITH STREET
SAN FRANCISCO, CA 94214

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

RE: BARBARA JOHNSON DOB:11/25/46
   AKA: BARBARA HUGHES
   INCLUDE RECORDS OF DR. DAN WLODARCZYK.
See Attachment 3 for Details

| PLACE | DATE AND TIME |
|---|---|
| Quest Discovery Services    981 Ridder Park Drive<br>San Jose, CA  95131<br>(800) 800-6800 | 06/05/08<br>9:30 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /S/                                   **Attorney for: Defendant** | 05/22/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER    JENNIFER M. JOAQUIN, ESQ.    BAR #: 197109
KENNEY & MARKOWITZ   ATTORNEYS AT LAW
255 CALIFORNIA ST.  13TH FLOOR
SAN FRANCISCO, CA  94111  415-397-3100

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

# Attachment 3

File #: **SJS806713**

**SF COMMUNITY HEALTH NETWORK**

Pertaining To:  **BARBARA JOHNSON**
                **AKA: BARBARA HUGHES**

Date of Birth:  **11/25/46**

**ALL DOCUMENTS & ORIGINAL RADIOLOGICAL FILMS, INCLUDING BUT NOT LIMITED TO X-RAY FILMS, MRIS, AND CT SCANS, RELATING TO PATIENT'S MEDICAL/DENTAL HISTORIES; COMPLAINTS; SYMPTOMS; EXAMINATIONS; FINDINGS; DIAGNOSIS; PROGNOSIS; SIGN-IN SHEETS; PHOTOGRAPHS; VIDEO TAPES; TREATMENT; PHYSICAL THERAPY; INCLUDING WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, ALL CORRESPONDENCE INCLUDING BUT NOT LIMITED TO OTHER WRITTEN OR GRAPHIC MATERIAL.**

**EXCLUDE ANY AND ALL OB/GYN AND BILLING RECORDS.**

**\* INCLUDE RECORDS OF DR. DAN WLODARCZYK. \***

# Issued by the
# UNITED STATES DISTRICT COURT

| EASTERN | DISTRICT OF | CALIFORNIA |

BARBARA JOHNSON

V.

NORTHWEST AIRLINES, INC.

## SUBPOENA IN A CIVIL CASE

Case Number:[1]  **C0802272EDL**

**Custodian of Records For:**
TO: **FOTO-MED SOLUTIONS**
**725 POLLASKY AVE., #107**
**CLOVIS, CA 93612**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

   RE: BARBARA JOHNSON DOB:11/25/46
      AKA: BARBARA HUGHES
      TREATING FACILITY: SF GEN HOSP; MRI #05051572
   See Attachment 3 for Details

| PLACE | Quest Discovery Services   2507 West Shaw Ave., Ste. 101  Fresno, CA 93711  (800) 477-5335 | DATE AND TIME | 06/05/08  9:30 A.M. |
|---|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /S/                                        Attorney for: Defendant | 05/22/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER   JENNIFER M. JOAQUIN, ESQ.   BAR #: 197109
   KENNEY & MARKOWITZ   ATTORNEYS AT LAW
   255 CALIFORNIA ST.  13TH FLOOR
   SAN FRANCISCO, CA  94111  415-397-3100

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## Attachment 3

File #: **FRS801629**

**FOTO-MED SOLUTIONS**

Pertaining To:  **BARBARA JOHNSON**
                **AKA: BARBARA HUGHES**
                **TREATING FACILITY: SF GEN HOSP; MRI #05051572**

Date of Birth:  **11/25/46**

**ANY AND ALL RADIOLOGICAL FILMS INCLUDING BUT NOT LIMITED TO X-RAY FILMS, MRIS AND CT SCANS.**

**EXCLUDE ANY AND ALL OB/GYN AND BILLING RECORDS.**

(PROOF OF SERVICE BY MAIL - Federal Rule 5(a))

I am employed in the county of SANTA CLARA, my business address is 981 RIDDER PARK DRIVE, SAN JOSE, CA 95131, I am over the age of eighteen (18), and am not a party to the within action(s). I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence described below will be deposited with the United States Postal Service today in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit. I served the within copy: SUBPOENA IN A CIVIL CASE, on the below listed entities in said actions by placing said documents in a sealed envelope with postage fully prepaid and addressed as follows:

BRUCE E. KRELL, INC.
ATTORNEYS AT LAW
345 GROVE STREET
SAN FRANCISCO, CA  94102
ATTN: MICHAEL COHEN, ESQ.
**Represents: PLAINTIFF**

and that they were deposited on 05/22/08 for deposit in the United States Postal Service and that the envelope was sealed and placed for collection and mailing that date at Quest Discovery Services, 981 RIDDER PARK DRIVE, SAN JOSE, CA 95131, following ordinary business practices.

DATED:  05/22/08 AT SAN JOSE, CALIFORNIA

I Declare under penalty of perjury that the foregoing is true and correct.

**This form was printed for all subpoenas in this series**

_____
signature

/ MAILSERV

MICHAEL COHEN  Attorney at Law

| | |
|---|---|
| 1126½ Delaware | 345 Grove Street |
| Berkeley, CA 94702 | San Francisco, CA 94102 |
| 510/559-8707 | 415/861-4414 |
| FAX: 510/525-9615 | FAX: 415/431-4526 |
| email: mikecohen@sprintmail.com | email: m_b_cohen@yahoo.com |

April 10, 2008

Jennifer Joaquin
KENNEY & MARKOWITZ
255 California Street, Suite 1300
San Francisco, CA 94111
Fax:415/397-3170
jmjjoaquin@hotmail.com

Re: Johnson v. Northwest Airlines

Dear Ms. Joaquin:

I received your subpenae to San Francisco General Hospital, SF Community Health Network and Foto-Med Solutions, for the records of Ms. Johnson, and note that, contrary to *In Re Lifschutz* (1970) 2 C3d 415, *Britt v. Superior Court* (1978) 20 C3d 844, *Davies v. Superior Court* (1984) 36 C3d 291, *Hoffman Corp. v. Superior Court (Smaystria)* (1985) 172 CA3d 356, *Hallendorf v. Superior Court* (1978) 85 CA3d 553, and *Cutter v. Brownbridge* (1986) 183 CA3d 836, 843, said subpenae are overbroad in that they are not restricted to the only parts of the body Plaintiff tendered herein, her right hip, wrist, back and knee.

Therefore, please narrow and/or withdraw these subpenae forthwith in order to avoid a motion to quash and for sanctions.  As you know, I must bring such motion before 4/30; but I do not like to do things at the last minute; so please favor me with a response forthwith.

Very truly yours,


/S/



MICHAEL COHEN

EXHIBIT "B"

# KENNEY & MARKOWITZ L.L.P.

ATTORNEYS AT LAW

Elizabeth D. Rhodes
E-mail: erhodes@kennmark.com

Telephone: 415 397-3100
Facsimile: 415 397-3170
Web Site: http://www.kennmark.com

255 California Street, Suite 1300
San Francisco, California 94111

May 16, 2008

**VIA E-MAIL AND U.S. MAIL**

Michael Cohen, Esq.
ATTORNEY AT LAW
1126 ½ Delaware
Berkeley, CA 94702

Re: BARBARA JOHNSON v. NORTHWEST AIRLINES, INC., et al.
Our File: 302014-11/93

Dear Mr. Cohen:

This letter is written to confirm our recent "meet and confer" discussions regarding the medical record subpoenas in this case. We note that you would not agree to our request that the "meet and confer" conference be conducted "on the record" using a dictaphone to make a record of our discussions.

Northwest recently issued subpoenas seeking the medical records and billings of plaintiff Barbara Johnson from disclosed providers Foto-Med Solutions, San Francisco General Hospital, SF Community Health Network and Nancy Carteron, M.D. (Now that the case has been removed to federal court, Northwest is re-issuing those subpoenas under the federal caption.) Our "meet and confer" took place in two separate telephone calls on May 14 and 15, 2008.

Plaintiff alleges that she injured her right wrist, hip, back and knee when she fell while exiting a moving walkway at the airport in Minneapolis. In recent written discovery, plaintiff has disclosed that she suffers from dual systemic medical conditions of lupus and arthritis suffered since the 1990s. In our "meet and confer" discussions you acknowledged that plaintiff's systemic conditions are directly related to both causation and damages. Yet you contend that there is no "relevance" standard applicable to the federal subpoenas to be issued, due to the fact that this matter is now in federal court. We also understand that your position is that the Constitutional right of privacy, as set forth in Section 1 of the California Constitution, is a

{31199.302014 0133601.DOC}

EXHIBIT "C"

KENNEY
&
MARKOWITZ
L.L.P.

Michael Cohen
May 16, 2008
Page 2

---

complete bar to the discovery of records beyond the disclosed injured areas of plaintiff's right hip, knee, wrist and back. You aver that case law supports this position.

We note that, in a federal action based on diversity of citizenship jurisdiction, state law governs privilege claims. FRE 501; *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 284 (C.D.Cal. 1998.) Your objection based on federal venue therefore is invalid.

Your objections based on the California Constitution and plaintiff's privacy rights also are not well-taken. As the Court observed in *Wilson v Superior Court* (1976) 63 Cal.App.3d 825,

> The whole purpose of the privilege is to preclude the humiliation of the patient that might follow disclosure of his ailments. When the patient himself discloses those ailments by bringing an action in which they are an issue, there is no longer any reason for the privilege. The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too. *Id.* at 829 (internal quotes and citations omitted).

Accordingly, Northwest contends that its subpoenas are entirely appropriate in light of plaintiff's disclosure of her systemic conditions, both of which have multiple and complex symptoms, and some of which will overlap and affect each other. Northwest contends that it is entitled to medical records and billings of the disclosed providers exclusive of medical records and billings pertaining to any obstetric-gynecologic care, if any. Further, since plaintiff has put her medical condition at issue she is not entitled to deny Northwest information regarding the potential effect of plaintiff's condition on the mechanics of her fall and the injuries she claims to have sustained.

Northwest has offered to exclude all obstetric/gynecological records and billings, and indeed the re-issued, federal subpoenas explicitly exclude obstetric/gynecological information. You also have agreed to permit Northwest to obtain records pertaining to plaintiff's conditions of lupus and arthritis (including billing records.) Given your concessions, we do not understand, nor have you explained, how it would be possible to review all of plaintiff's requested medical records to triage whatever records to which you still object. In any event, plaintiff's privacy is protected by the fact that the records and billings to be produced will not become part of any court record unless and until the trial of this matter takes place, at which time plaintiff is free to move the court to exclude any records deemed irrelevant and inadmissible at that time.

{31199.302014 0133601.DOC}

**KENNEY**
**&**
**MARKOWITZ**
L.L.P.

Michael Cohen
May 16, 2008
Page 3

---

    At the conclusion of our last "meet and confer" discussion, we agreed that we have clearly delineated our positions with respect to this discovery dispute. For that reason, we agreed that further meeting and conferring on these issues would not be productive.

                                      Yours very truly,

                                      ELIZABETH D. RHODES

EDR/ljf

MICHAEL COHEN  Attorney at Law

| | |
|---|---|
| 1126½ Delaware | 345 Grove Street |
| Berkeley, CA 94702 | San Francisco, CA 94102 |
| 510/559-8707 | 415/861-4414 |
| FAX: 510/525-9615 | FAX: 415/431-4526 |
| email: mikecohen@sprintmail.com | email: m_b_cohen@yahoo.com |

May 16, 2008                                    by email

Elizabeth Rhodes
KENNEY & MARKOWITZ
255 California Street, Suite 1300
San Francisco, CA 94111
Fax:415/397-3170
erhodes@kennmark.com

Re: Johnson v. Northwest Airlines

Dear Ms. Rhodes:

I understand the upshot of our extensive "Meet & Confer" discussions to be as follows:

      I will not object to a subpena for records pertaining to Plaintiff's right hip, right wrist, back, right knee, lupus and arthritis, since the right hip, right wrist, back and right knee were injured in Ms. Johnson's fall, and since her lupus and arthritis conditions were the reasons she needed the wheelchair your client failed to provide despite its promise to do so.  You say that is too narrow and that you are entitled to everything except gynecological records.

      You argue that the authorities I cite do not apply to this case because the factual contexts are different.  As I told you, this amounts to an argument that medical records are not covered by privacy rights which rights make such records non-discoverable unless they are "directly relevant" (which basically means not inadmissible on relevance grounds).

      You told me that you didn't agree with that statement, but you failed to provide any rational explanation for such disagreement.  Nor does your letter of even date which arrived on my desk before I finished this letter, which also contains a number of lies and distortions, as follows:

        1.    I did not say that I would not agree to your request that the "meet and confer" conference be conducted "on the record" using a dictaphone to make a record of our discussions".  I questioned whether that was necessary in this particular situation, a position with which you expressly adopted in our telephone conversation.  I must say however that, in thinking about this in light of the irrational and fraudulent way in which you argue your positions, I would very much like to have a "meet and confer" conference recorded by any means at all; and I therefore offer it and urge you to accept.

        2.    I never said anything about any "relevance" standard not being applicable in Federal Court.  I know and knew as we were talking that state law privacy rights apply in federal discovery; and I cannot imagine where you got the idea that I said that Federal jurisdiction changed anything related to privacy.

        3.    In light of the fact that I, at all times, have agreed that discovery is permissible as to all matters Plaintiff asserts in this litigation, your citation of authority to that effect is inexplicable - unless you contend that, by bringing ANY personal injury lawsuit, the

Elizabeth Rhodes/HENNEY & MARKOWITZ
Re: Johnson v. Northwest Airlines
May 16, 2008
Page two

plaintiff waives all privacy as to all medical records regardless whether they have any relevance to the matters Plaintiff asserts in the litigation, in which case you would be saying that you have a right to gynecological records also, but that you're being a nice guy in excluding them from the request; and, if you are taking the position that Plaintiff is entitled to privacy rights in her gynecological records (because they have nothing to do with anything Plaintiff has asserted herein), why does Plaintiff have no privacy rights in any other conditions which have nothing to do with anything Plaintiff has asserted herein)?

    4. You say you do not understand ". . . how it would be possible to review all of plaintiff's requested medical records to triage whatever records to which (I) still object." As I think I mentioned to you, I have been asserting my clients' privacy rights using the authority I have cited you, with universal success, for something like 20 years; and, when Defendants have not agreed to the modest and reasonable restrictions demanded by the black letter authorities I have cited, the courts have always ordered the narrowing I have sought, and the health care providers have always successfully undertaken to eliminate from production the records the court ordered not produced. Since the law is the law, and I am sure that I am far from the only plaintiff attorney who has raised it on behalf of his or her client's privacy rights, I would venture to say that your subpena service is used to functioning under these meaningful and legally mandated restrictions.

    5. At the conclusion of our last "meet and confer" discussion, I did not agree that you had clearly delineated your position with respect to this discovery dispute. Rather, I asserted (as delineated herein) that your position makes no sense; and I am always open to positions that make sense. I must admit that it is discouraging to have to deal with people such as those in your firm who do not seem to care about the truth; and I can only speculate that the true policy of your firm (as reflected in the series of frivolous positions it has taken in this litigation, all of which were defeated in court after hearings almost all after tentative rulings totally adopting my positions) is simply to increase billing. I suppose that, having seen this pattern develop over the course of this litigation, I should have just expected that I am dealing with people who have no personal integrity; but I think what happened was that your immediate predecessor, Ms. Joaquin, broke the pattern by actually being reasonable, to which I reacted by working with her to make it easier for her to get the discovery response she wanted in an expedited manner instead of forcing her to try numerous formulations (which theretofore had been incompetently drafted and therefore objectionable) and waiting the full statutory time to respond, which could well have resulted in blocking your client from removing the case to federal court. I can only assume that Ms. Joaquin is no longer on this case (or maybe no longer with your firm) because she was being too reasonable.

Very truly yours,


/S/


MICHAEL COHEN

              EXHIBIT "D"