1  KYMBERLY E. SPEER (SBN 121703)
   ELIZABETH D. RHODES (SBN 218480)
2  JENNIFER M. JOAQUIN (SBN 197109)
   KENNEY & MARKOWITZ L.L.P.
3  255 California Street, Suite 1300
   San Francisco, CA 94111
4  Telephone:   (415) 397-3100
   Facsimile:   (415) 397-3170
5
   Attorneys for Defendant
6  NORTHWEST AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – E-FILING

| | |
|---|---|
| BARBARA JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>NORTHWEST AIRLINES, INC., et al.,<br><br>    Defendant. | CASE NO. C 08-02272 EDL<br><br>**DEFENDANT NORTHWEST AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO NARROW SUBPOENA DUCES TECUM**<br><br>DATE:   September 18, 2008<br>TIME:   2:30 p.m.<br>DEPT:   Courtroom 6, 17th Fl. |

{31199.302014 0133935.DOC}

NORTHWEST'S OPPOSITION TO PLAINTIFF'S MOTION
TO NARROW SUBPOENA DUCES TECUM
C 08-02272 EDL

Kenney & Markowitz L.L.P.

## I. INTRODUCTION

Plaintiff admits that at the time of her alleged fall at the Minneapolis-St. Paul Airport, she suffered dual systemic medical conditions of lupus and arthritis. She concedes these conditions affected her ability to ambulate as do the injuries she claims to have suffered on July 9, 2005. Northwest is simply attempting to obtain medical records relevant to both causation and damages as her preexisting conditions affect her entire body and overlap with the injuries she claims to have suffered in her fall. These records may also provide information regarding the potential affect of plaintiff's preexisting conditions on the mechanic of her fall.

Plaintiff's motion seeks to narrow Northwest's subpoenas to exclude conditions "not directly related to the injuries and/or conditions Plaintiff has tendered," a standard only applicable when applying the psychotherapist-patient privilege. Plaintiff's systemic medical conditions of lupus and arthritis affect virtually her entire body, and putting the onus on a medical provider to sift through records and make a determination about what is or is not "related" (directly or otherwise) to these conditions and her claimed injuries from the fall is not only impractical, but runs the very real risk of relevant medical records being withheld. Northwest's attempts to meet and confer on these issues have been unsuccessful and plaintiff has maintained an unreasonable position which may prejudice Northwest.

## II. FACTUAL BACKGROUND

### A. The Incident of July 9, 2005

Plaintiff alleges that on July 9, 2005, she was injured during a change of planes at the Minneapolis-St. Paul Airport when Northwest Airlines failed to supply a wheelchair as plaintiff had requested. (Joaquin Declaration, ¶ 2, Exh. A.) As a result, she claims to have fallen at the end of a moving walkway while trying to make the transfer on her own. (Id.)

### B. Plaintiff's Pre-existing Conditions and Claimed Injuries

Plaintiff admits that at the time of the incident she was suffering from both arthritis and lupus, debilitating conditions which affected her ability to ambulate. (Joaquin Declaration, ¶2, Exh. A; ¶3, Exh. B.) In fact, it is because of these pre-existing medical conditions that plaintiff had requested wheelchair assistance. (Joaquin Declaration, ¶2, Exh. A.) Plaintiff claims that as a

1  result of her fall on July 9, 2005, she sustained injury to her right hip, wrist, back and knee. (Joaquin Declaration, ¶3, Exh. B.) She asserts that she experiences constant pain in her back, right hip and wrist, which is becoming worse. (Joaquin Declaration, ¶3, Exh. B.) Plaintiff asserts that these injuries also affect her ability to ambulate. (Joaquin Declaration, ¶3, Exh. B.)

After her fall, plaintiff saw two medical providers, whose records are at issue in this motion: San Francisco General Hospital and San Francisco Community Health Network (Dr. Wlodarczyk). In addition, Foto-Med Solutions has x-rays and/or films related to her treatment with these two providers. Plaintiff also treated with Dr. Wlodarczyk for lupus and arthritis before the July 9, 2005, incident. (Joaquin Declaration, ¶3, Exh. B.)

C.  **Northwest's Meet and Confer Efforts**

On May 12, 2008, Northwest's counsel faxed plaintiff's counsel a letter which addressed the subpoenas of plaintiff's medical records. (Joaquin Declaration, Exh. C.) In that letter, Northwest explained that, in light of plaintiff's pre-existing conditions, which overlap with the injuries plaintiff suffered in her fall in Minneapolis, the airline is entitled to discover the scope and extent of plaintiff's pre-existing conditions. Northwest's counsel also explained that the records requested are not part of the public court file, nor will all the records be admissible at trial. Plaintiff was assured that at the appropriate stage of the proceedings, she could request that the Court limit the medical evidence to be presented in support of the defense. Northwest's counsel also pointed out that it is not feasible (and could be prejudicial) to ask a medical care providers to apply legal standards of relevance and admissibility, and then review and remove records before production.

On May 16, 2008, Northwest's counsel wrote a further meet and confer letter regarding its subpoenas of plaintiff's medical records, which confirmed that even plaintiff's counsel admits that plaintiff's systemic conditions are directly related to both causation and damages. (Joaquin Declaration, Exh. D.) Northwest pointed out that its subpoenas are appropriate in light of plaintiff's disclosure of her systemic conditions, both of which have multiple and complex symptoms, and some of which overlap and affect each other. Northwest again explained that plaintiff's privacy is protected by the fact that the records and billings will not become part of any

court record unless and until the trial of this matter takes place, at which time plaintiff can move the court to exclude any records deemed irrelevant and inadmissible. Plaintiff's May 16, 2008 letter response was simply a vitriolic and unprofessional attack on defense counsel and did not address the merits of Northwest's arguments or why plaintiff's privacy rights would not be adequately protected. (See Exhibit D to Cohen Declaration.)

### III. LEGAL ANALYSIS

#### A. Northwest's Subpoenas Are Reasonable and Not an Invasion of Privacy

Northwest is not seeking plaintiff's "lifetime" medical history nor is it seeking to obtain highly private and unrelated records such as those dealing with obstetric-gynecological care or psychotherapist visits. As such, plaintiff's argument that the information Northwest is attempting to obtain is a violation of plaintiff's privacy rights is not well-taken. As the Court observed in *Wilson v Superior Court* (1976) 63 Cal.App.3d 825,

> The whole purpose of the privilege is to preclude the humiliation of the patient that might follow disclosure of his ailments. When the patient himself discloses those ailments by bringing an action in which they are an issue, there is no longer any reason for the privilege. The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too. *Id.* at 829 (internal quotes and citations omitted).

Northwest's subpoenas are entirely appropriate in light of plaintiff's disclosure of her systemic conditions, both of which have multiple and complex symptoms, and some of which overlap and affect each other. Since plaintiff has put her medical condition at issue she is not entitled to deny Northwest information regarding the potential effect of plaintiff's condition on the mechanics of her fall and the injuries she claims to have sustained. Plaintiff has conceded that Northwest can obtain records pertaining to plaintiff's conditions of lupus and arthritis (including billing records.) Plaintiff's privacy is protected by the fact that the records and billings to be produced will not become part of any court record unless and until the trial of this matter takes place, at which time plaintiff is free to move the court to exclude any records deemed irrelevant and inadmissible at that time.

Kenney & Markowitz L.L.P.

B. **Plaintiff Cites Cases That Do Not Support Her Motion**

Plaintiff cites to three cases, *In re Joseph Lifschultz* (1970) 2 Cal.3d; *Britt v. Superior Court* (1978) 20 Cal.3d 844; and *Hallendorf v. Superior Court of Santa Clara* (1978) 85 Cal.App.3d 553, to support her motion. All of these cases are irrelevant and/or readily distinguishable, and should be disregarded. Plaintiff relies heavily on *In re Joseph Lifschultz* (1970) 2 Cal. 3d, in which the California Supreme Court concluded that no constitutional right enables a psychotherapist to assert an absolute privilege concerning all psychotherapeutic communications and that the patient-litigation privilege exception to the psychotherapist-patient privilege does not necessarily entail an overbroad intrusion into a patient's privacy. *Lifschultz* is inapplicable. In its decision, the Court noted that a large segment of the psychiatric profession concurs with Dr. Lifshultz's strongly held belief that an absolute privilege of confidentiality is essential to the effective practice of psychotherapy. But there is no such "absolute" confidentiality when a plaintiff pursues a claim for physical injury such as that at issue here. *Wilson, supra.*

*Britt v. Superior Court* (1978) 20 Cal.3d 844 also is distinguishable from this case. In *Britt,* the California Supreme Court held that the trial court erred in requiring plaintiffs to make unlimited disclosure of their lifetime medical histories, which encompassed all illnesses, physical injuries, and mental or emotional disturbances. The plaintiffs had stressed that while they were completely willing to provide defendant with medication information with "relates in any way" to the physical or emotional injuries for which they seek recovery, they object to the trial court's unlimited order which requires them to comply with defendant's request for information related to all past medical conditions, without regard to whether such conditions have any bearing on the present litigation. Here, Northwest is certainly not asking for unlimited disclosure of plaintiff's lifetime medical history; it is simply requesting medical records that have direct bearing on her personal injury claim.

Plaintiff cites the case of *Hallendorf v. Superior Court of Santa Clara* (1978) 85 Cal.App.3d 553, involving discovery requiring plaintiff to reveal his entire lifetime history and all the treatment rendered by his doctor over a 20 year period, which is also distinguishable. The Court of Appeal granted a peremptory writ holding that the discovery ordered by the lower court

Kenney & Markowitz L.L.P.

was overbroad and violated the principals set forth in *Britt*. The facts at issue in this motion are distinguishable from those in the *Hallendorf* case. Here, Northwest is not asking plaintiff to reveal her entire lifetime medical history and all treatment during that time period. Northwest's subpoenas, to only three medical providers, are not overbroad.

## IV.   CONCLUSION

Northwest is merely seeking medical records which are relevant to both causation and damages issues in this case. Northwest is hardly seeking plaintiff's "lifetime medical history," psychotherapy records, or any other medical data that would implicate privacy issues. Plaintiff has not asserted that anything in the records Northwest has sought would subject her to undue embarrassment or are otherwise unwarranted. Plaintiff's motion should be denied.

DATED: August 28, 2008

**KENNEY & MARKOWITZ L.L.P**

By: _____
KYMBERLY E. SPEER
JENNIFER M. JOAQUIN
ELIZABETH D. RHODES
Attorneys for Defendant
NORTHWEST AIRLINES, INC.

{31199.302014 0133935.DOC}     -5-
NORTHWEST'S OPPOSITION TO PLAINTIFF'S MOTION
TO NARROW SUBPOENA DUCES TECUM
C 08-02272 EDL