1  KYMBERLY E. SPEER (SBN 121703)
   JENNIFER M. JOAQUIN (SBN 197109)
2  ELIZABETH D. RHODES (SBN 218480)
   KENNEY & MARKOWITZ L.L.P.
3  255 California Street, Suite 1300
   San Francisco, CA  94111
4  Telephone:    (415) 397-3100
   Facsimile:    (415) 397-3170
5
   Attorneys for Defendant
6  NORTHWEST AIRLINES, INC.

7

8                    UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA – E-FILING

10

11 BARBARA JOHNSON,                    CASE NO.  C 08-02272 EDL

12        Plaintiff,                   **DECLARATION OF JENNIFER M.
                                       JOAQUIN IN SUPPORT OF
13 v.                                  DEFENDANT NORTHWEST
                                       AIRLINES, INC.'S OPPOSITION TO
14 NORTHWEST AIRLINES, INC., et al.,   PLAINTIFF'S MOTION TO NARROW
                                       SUBPOENA DUCES TECUM**
15        Defendant.
                                       **DATE:         September 18, 2008**
16                                     **TIME:         2:30 p.m.**
                                       **DEPT:         Courtroom 6, 17th Fl.**
17

18

19    I, JENNIFER M. JOAQUIN, declare:

20        1.    I am an attorney at law duly admitted to practice before all courts in the State of

21 California and I am one of the attorneys of record for Northwest Airlines, Inc. in this action.  The

22 contents of this declaration are true and correct of my personal knowledge.  If called as a witness, I

23 could and would competently testify to the matters contained in this declaration.

24        2.    Attached as Exhibit A is a true and correct copy of plaintiff's form complaint filed

25 in San Francisco Superior Court on July 9, 2007.

26        3.    Attached as Exhibit B is a true and correct copy of plaintiff's responses to

27 Northwest's form interrogatories.  Plaintiff's response to Interrogatory 9.2 states that "Prior to the

28

Kenney
&
Markowitz
L.L.P.

injury, plaintiff had Lupus (of which she first became aware in approximately 2004) and arthritis (the symptoms of which first appeared in the mid- to late- 1990s), for both of which she was treated by Dr. Wlodarczyk. Although these conditions did not directly involve the same parts of Plaintiff's body, they affected her ability to ambulate as do some of the injuries she suffered in the INCIDENT." In addition, plaintiff's response to Interrogatory 6.3 states that plaintiff suffered from back, right hip and wrist pain, all of which are constant and getting worse.

4.     Attached as Exhibit C is a true and correct copy of the letter dated May 12, 2008 my office faxed to plaintiff's counsel Michael Cohen.

5.     Attached as Exhibit D is a true and correct copy of the letter dated May 16, 2008, my office emailed and sent via U.S. Mail to plaintiff's counsel Michael Cohen.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28 day of August 2008, in San Francisco, California.

JENNIFER M. JOAQUIN

Kenney & Markowitz L.L.P.

{31199.302014 0133936.DOC}                     -2-
DECLARATION OF JENNIFER M. JOAQUIN IN SUPPORT OF NORTHWEST'S OPPOSITION TO
PLAINTIFF'S MOTION TO NARROW SUBPOENA DUCES TECUM
C 08-02272 EDL

PLD-PI-001

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*
Michael Cohen - 98066
Attorney at Law
Grove Law Building
345 Grove Street
San Francisco, CA 94102
TELEPHONE NO: 415/861-4414    FAX NO. *(Optional):* 415/431-4526
E-MAIL ADDRESS *(Optional):* mikecohen@sprintmail.com
ATTORNEY FOR *(Name):* Barbara Johnson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister
MAILING ADDRESS: 400 McAllister
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

PLAINTIFF: Barbara Johnson

DEFENDANT: Northwest Airlines, Inc., and

[X] DOES 1 TO 100

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[ ] **AMENDED** *(Number):*
Type *(check all that apply):*
[ ] **MOTOR VEHICLE**   [X] **OTHER** *(specify):* Common Carrier Liability
  [ ] **Property Damage**   [ ] **Wrongful Death**
  [X] **Personal Injury**   [ ] **Other Damages** *(specify):*

**Jurisdiction** *(check all that apply):*
[ ] **ACTION IS A LIMITED CIVIL CASE**
  Amount demanded  [ ] does not exceed $10,000
      [ ] exceeds $10,000, but does not exceed $25,000
[X] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
[ ] **ACTION IS RECLASSIFIED** by this amended complaint
  [ ] from limited to unlimited
  [ ] from unlimited to limited

FOR COURT USE ONLY

# FILED
San Francisco County Superior Court

JUL 09 2007

GORDON PARK-LI, Clerk
BY: *Deborah Steppe*
DEBORAH STEPPE, Deputy Clerk

**CASE MANAGEMENT CONFERENCE SET**

DEC 07 2007 -9:00 AM

**DEPARTMENT 212**

~~SUMMONS ISSUED~~

CASE NUMBER:

CGC-07-464962

1. **Plaintiff** *(name or names):* Barbara Johnson

alleges causes of action against **defendant** *(name or names):* Northwest Airlines, Inc.

2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
   a. [ ] **except plaintiff** *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   b. [ ] **except plaintiff** *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**


Legal
Solutions
& Plus

Code of Civil Procedure, § 425.12

EXHIBIT ___A-1___



| | |
|---|---|
| SHORT TITLE: Johnson v. Northwest Airlines | **PLD-PI-001**<br>CASE NUMBER: |

4. ☐ **Plaintiff** *(name):*

    is doing business under the fictitious name *(specify):*

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

  a. ☒ **except** defendant *(name):* Northwest Airlines, Inc.

    (1) ☐ a business organization, form unknown
    (2) ☒ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  b. ☐ **except** defendant *(name):*

    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  c. ☐ **except** defendant *(name):*

    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  d. ☐ **except** defendant *(name):*

    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

  a. ☒ Doe defendants *(specify Doe numbers):* 1-75      were the agents or employees of other named defendants and acted within the scope of that agency or employment.

  b. ☒ Doe defendants *(specify Doe numbers):* 25-100      are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because

  a. ☐ at least one defendant now resides in its jurisdictional area.
  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☒ other *(specify):* Defendant Foreign Corporation has no principal place of business in California

9. ☐ Plaintiff is required to comply with a claims statute, **and**

  a. ☐ has complied with applicable claims statutes, **or**
  b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

A-2

PLD-PI-001

| SHORT TITLE: Johnson v. Northwest Airlines | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☐ Other *(specify):*

11. Plaintiff has suffered
   a. ☐ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☐ loss of earning capacity
   g. ☐ other damage *(specify):*

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☐ punitive damages
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 6/29/07

MICHAEL COHEN
(TYPE OR PRINT NAME)                    ▶                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Page 3 of 3

A-3

PLD-PI-001(2)

| SHORT TITLE: Johnson v. Northwest Airlines | CASE NUMBER: |
|---|---|

<u>FIRST</u>            **CAUSE OF ACTION—General Negligence**       Page <u>5</u>
    (number)

**ATTACHMENT TO** [X] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:   Barbara Johnson

alleges that defendant *(name)*:   Northwest Airlines, Inc.

[X] Does <u>1</u>    to <u>100</u>

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*:   7/9/05

at *(place)*:   Minneapolis-St. Paul

*(description of reasons for liability):*

Plaintiff was traveling from San Francisco to Dallas, with a change of planes in Minneapolis-St.Paul. Because Plaintiff suffers from a debilitating condition which makes it difficult for her to walk, she arranged with Defendant for Defendant to provide her with a wheelchair both in the San Francisco airport and in the Minneapolis airport. However, when Plaintiff arrived in Minneapolis very early in the morning, Defendant failed to provide a wheelchair for her, thereby forcing her to negotiate the substantial distance to her connecting flight while worrying that she would not make it on time if she went too slowly; and so, while doing this, Plaintiff failed to successfully negotiate exiting the moving walkway and fell.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**



Code of Civil Procedure 425.12

A-4

1  Michael Cohen - #98066
   LAW OFFICES OF BRUCE E. KRELL
2  345 Grove Street
   San Francisco, CA 94102
3  415/861-4414
   Fax: 415/431-4526
4
   Attorney for Plaintiff
5

6

7

8              SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA

9  BARBARA JOHNSON,              No. RG 07-334046

10     Plaintiff,               PLAINTIFF'S RESPONSES TO FORM
                                INTERROGATORIES
11  vs.

12  NORTHWEST AIRLINES, INC., et al.,

13     Defendant.
    _____/
14

15  PROPOUNDING PARTY:    Defendant NORTHWEST AIRLINES, INC.

16  RESPONDING PARTY:     Plaintiff BARBARA JOHNSON

17  SET NO.:              ONE

18  **INTERROGATORY 1.1:**

19      State the name, address, telephone number, and relationship to you of each person who

20  prepared or assisted in the preparation of the responses to these interrogatories.

21      **RESPONSE TO INTERROGATORY 1.1:**

22          Plaintiff's counsel.

23  **INTERROGATORY 2.1:**

24      State:

25          (a)    your name;

26          (b)    every name you have used in the past;

                                  1

EXHIBIT B-1

1      (c)    the dates you used each name.

2    **RESPONSE TO INTERROGATORY 2.1:**

3      (a) Barbara Johnson

4      (b) Barbara Hughes

5      ( c) Hughes from birth to marriage, in 1964.

6    **INTERROGATORY 2.2:**

7      State the date and place of your birth.

8    **RESPONSE TO INTERROGATORY 2.2:**

9      11/25/1946, Baton Rouge, LA

10   **INTERROGATORY 2.3:**

11     At the time of the incident, did you have a driver's license?  If so, state:

12      (a)    the state or other issuing entity;

13      (b)    the license number and type;

14      (c)    the date of issuance

15      (d)    all restrictions.

16   **RESPONSE TO INTERROGATORY 2.3:**

17      Objection, not calculated to lead to admissible evidence.

18   **INTERROGATORY 2.5:**

19     State:

20      (a)    your present residence ADDRESS;

21      (b)    your residence ADDRESSES for the last five years;

22      (c)    the dates you lived at each ADDRESS.

23   **RESPONSE TO INTERROGATORY 2.5:**

24      (a-c)   391 Bridgeview Drive, Apt 5 , San Francisco, 94124

25   **INTERROGATORY 2.6:**

26     State:

Plaintiff's Responses to Form Interrogatories

B-2

1    (a)    the name, ADDRESS, and telephone number of your present employer or

2    place of self-employment;

3    (b)    the name, ADDRESS, dates of employment, job title, and nature of work

4    for each employer or self-employment you have had from five years before the INCIDENT until

5    today.

6    **RESPONSE TO INTERROGATORY 2.6:**

7    (a-b)    Retired

8    **INTERROGATORY 2.7:**

9    State:

10    (a)    the name and ADDRESS of each school or other academic or vocational

11    institution you have attended beginning with high school;

12    (b)    the dates you attended;

13    (c)    the highest grade level you have completed;

14    (d)    the degrees received.

15    **RESPONSE TO INTERROGATORY 2.7:**

16    (a-b)    Attended McKinley H.S. (800 E. McKinley Street, Baton Rouge, LA) and

17    Galileo H.S. (1055 Bay Street, San Francisco, CA).  Graduated from Grace Ball Secretarial

18    School, Market Street, San Francisco, late 1960s; and John Adams Nursing School, San

19    Francisco internship at San Francisco General Hospital, early 1970s

20    (c)    Registered Nurse

21    (d)    Nursing diploma and secretarial diploma.

22    **INTERROGATORY 2.8:**

23    Have you ever been convicted of a felony?  If so, for each conviction state:

24    (a)    the city and state where you were convicted;

25    (b)    the date of conviction;

26    (c)    the offense;

3

B-3

1    (d)    the court and case number.

2    **RESPONSE TO INTERROGATORY 2.8:**

3    No

4    **INTERROGATORY 2.9:**

5    Can you speak English with ease?  If not, what language and dialect do you normally use?

6    **RESPONSE TO INTERROGATORY 2.9:**

7    Yes

8    **INTERROGATORY 2.10:**

9    Can you read and write English with ease?  If not, what language and dialect do you

10    normally use?

11    **RESPONSE TO INTERROGATORY 2.10:**

12    Yes

13    **INTERROGATORY 2.11:**

14    At the time of the INCIDENT were you acting as an agent or employee for any

15    PERSON?  If so, state:

16    (a)    the name, ADDRESS, and telephone number of that PERSON;

17    (b)    a description of your duties.

18    **RESPONSE TO INTERROGATORY 2.11:**

19    No

20    **INTERROGATORY 2.12:**

21    At the time of the INCIDENT did you or any other person have any physical, emotional,

22    or mental disability or condition that may have contributed to the occurrence of the INCIDENT?

23    If so, for each person state:

24    (a)    the name, ADDRESS, and telephone number;

25    (b)    the nature of the disability or condition;

26    (c)    the manner in which the disability or condition contributed to the

4

Plaintiff's Responses to Form Interrogatories

B-4

1   occurrence of the INCIDENT.

2   **RESPONSE TO INTERROGATORY 2.12:**

3   Yes.

4   (a)   Plaintiff.  As to any others, Plaintiff does not know.

5   (b)   Lupus/Arthritis

6   (c)   Because of Plaintiff's condition, she needed and requested, and

7   Defendant agreed but failed to provide, wheelchair assistance to get from the arrival gate to her

8   connecting flight at MSP.  Plaintiff was injured as a legal result of her having to negotiate the

9   distance between those two gates without the assistance of the wheel chair.

10  **INTERROGATORY 2.13:**

11  Within 24 hours before the INCIDENT did you or any person involved in the INCIDENT

12  use or take any of the following substances: alcoholic beverage, marijuana, or other drug or

13  medication of any kind (prescription or not)?  If so, for each person state:

14  (a)   the name, ADDRESS, and telephone number;

15  (b)   the nature or description of each substance;

16  (c)   the quantity of each substance used or taken;

17  (d)   the date and item of day when each substance was used or taken;

18  (e)   the ADDRESS where each substance was used or taken;

19  (f)   the name, ADDRESS, and telephone number of each person who was

20  present when each substance was used or taken;

21  (g)   the name, ADDRESS, and telephone number of any HEALTH CARE

22  PROVIDER that prescribed or furnished the substance and the condition for which it was

23  prescribed or furnished.

24  **RESPONSE TO INTERROGATORY 2.13:**

25  The best Plaintiff can recall is that she had taken her prescription medication for

26  her Lupus the morning prior to her fall at the airport.  Her medication has subsequently changed

5

B-5

1   and she is currently unable to remember the name of the prescription medication she took at the

2   time.

3   **INTERROGATORY 4.1:**

4          At the time of the INCIDENT, was there in effect any policy of insurance through which

5   you were or might be insured in any manner (for example, primary, pro-rata, or excess liability

6   coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of

7   the INCIDENT?  If so, for each policy state:

8                  (a)      the kind of coverage;

9                  (b)      the name and ADDRESS of the insurance company;

10                 (c)      the name, ADDRESS, and telephone number of each named insured;

11                 (d)      the policy number;

12                 (e)      the limits of coverage for each type of coverage contained in the policy;

13                 (f)      whether any reservation of rights or controversy or coverage dispute exists

14  between you and the insurance company;

15                 (g)      the name, ADDRESS, and telephone number of the custodian of the

16  policy.

17         **RESPONSE TO INTERROGATORY 4.1:**

18         Medical Insurance by Medicare: PO Box 3000, Milwaukee, WI 53201.  Only

19  Plaintiff is insured.  Medicare Number: 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A

20  **INTERROGATORY 6.1:**

21         Do you attribute any physical, mental, or emotional injuries to the INCIDENT?  If you

22  answer is "no," do not answer interrogatories 6.2 through 6.7.

23         **RESPONSE TO INTERROGATORY 6.1:**

24                 Yes

25  **INTERROGATORY 6.2:**

26         Identify each injury you attribute to the INCIDENT and the area of your body affected.

6

B-6

1    **RESPONSE TO INTERROGATORY 6.2**:

2        Injury to Right hip, wrist, back and knee

3    **INTERROGATORY 6.3:**

4        Do you still have any complaints that you attribute to the INCIDENT?  If so, for each

5    complaint state:

6        (a)    a description;

7        (b)    whether the complaint is subsiding, remaining the same, or becoming

8    worse;

9        (c)    the frequency and duration.

10    **RESPONSE TO INTERROGATORY 6.3:**

11        (a)    Pain in back and right hip (radiating down to foot), and wrist

12        (b)    All becoming worse

13        (c)    Constant

14    **INTERROGATORY 6.4:**

15        Did you receive any consultation or examination (except from expert witnesses covered

16    by Code of Civil Procedure Section 2034) or treatment from a **HEALTH CARE PROVIDER**

17    for any injury you attribute to the **INCIDENT**?  If so, for each **HEALTH CARE PROVIDER**

18    state:

19        (a)    the name, **ADDRESS**, and telephone number;

20        (b)    the type of consultation, examination, or treatment provided;

21        (c)    the dates you received consultation, examination, or treatment;

22        (d)    the charges to date.

23    **RESPONSE TO INTERROGATORY 6.4:**

24        Object to sub-parts (b) through (d) as requiring a compilation abstract or summary

25    of records which does not presently exist.  The burden or expense of preparing this summary

26    would be, at least, substantially the same for the propounding party as for this responding party.

7

B-7

1  Pursuant to Code of Civil Procedure Section 2030.230, plaintiff elects to have the propounding

2  party inspect the records of the healthcare providers identified in the response to 6.4(a) of this set,

3  which records plaintiff is informed and believes such party has obtained or will obtain.  Plaintiff

4  will allow the propounding party to inspect and copy any of these records which defendant does

5  not have and cannot reasonably and more economically obtain elsewhere.  Without waiving these

6  objections: Yes.

7  **San Francisco General Hospital (various healthcare providers there)**: 1001

8  Potrero Avenue, San Francisco, CA 94110, 415/206-8000

9  From 8/20/05 to present.

10  To Present . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $26,891.10

11  **Dr. D. Wlodarczyk**: San Francisco Community Health Network, 2401 Keith

12  Street, San Francisco, CA 94214, 415/206-8000

13  Primary Care Physician  - For relevant injuries from 8/20/05 to present

14  To Present:  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1,759.00

15  **INTERROGATORY 6.5:**

16  Have you taken any medication, prescribed or not, as a result of injuries that you attribute

17  to the **INCIDENT**?  If so, for each medication state:

18  (a)  the name;

19  (b)  the **PERSON** who prescribed or furnished it;

20  (c)  the date prescribed or furnished;

21  (d)  the dates you began and stopped taking it;

22  (e)  the cost to date.

23  **RESPONSE TO INTERROGATORY 6.5:**

24  Object on grounds the interrogatory requires a compilation abstract or summary of

25  records which does not presently exist.  The burden or expense of preparing this summary would

26  be, at least, substantially the same for the propounding party as for this responding party.

Plaintiff's Responses to Form Interrogatories

B-8

1  Pursuant to Code of Civil Procedure Section 2030.230, plaintiff elects to have the propounding

2  party inspect the records of the healthcare providers identified in the response to 6.4(a) of this set,

3  which records plaintiff is informed and believes such party has obtained or will obtain.  Plaintiff

4  will allow the propounding party to inspect and copy any of these records.

5  **INTERROGATORY 6.6:**

6          Are there any other medical services not previously listed (for example, ambulance,

7  nursing prosthetics)?  If so, for each service state:

8                  (a)      the nature;

9                  (b)      the date;

10                  (c)      the cost;

11                  (d)      the name, **ADDRESS**, and telephone number of each provider.

12  **RESPONSE TO INTERROGATORY 6.6:**

13          At the scene Plaintiff was first treated by the Airport Fire Department who placed

14  an ice pack on her right knee.  Airport Fire Department, 6307 34th Ave. South, Minneapolis, MN

15  55450.

16          Plaintiff was then treated by Allina Medical Transportation who assisted her by

17  providing a wheelchair for her.  Allina Medical Transportation, 167 Grand Avenue, St. Paul, MN

18  55102.

19  **INTERROGATORY 6.7:**

20          Has any **HEALTH CARE PROVIDER** advised that you may require future or

21  additional treatment for any injuries that you attribute to the **INCIDENT**?  If so, for each injury

22  state:

23                  (a)      the name and **ADDRESS** of each **HEALTH CARE PROVIDER**;

24                  (b)      the complaints for which the treatment was advised;

25                  (c)      the nature, duration, and estimated cost of the treatment.

26  //

Plaintiff's Responses to Form Interrogatories

B-9

**RESPONSE TO INTERROGATORY 6.7:**

       (a)    Dr. Masato Nagao, Department of Orthopedic Surgery, San Francisco General Hospital, 415/206-8812, and other doctors at San Francisco General Hospital

       (b)    Pain in wrist, hip and back.

       (c)    Ongoing monitoring and pain pills; Hydrocortisone shots, and Surgery. Details unknown at this time.

**INTERROGATORY 7.1:**

Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT**? If so, for each item of property;

       (a)    describe the property;

       (b)    describe the nature and location of the damage to the property;

       (c)    state the amount of damage you are claiming for each item of property and how the amount was calculated;

       (d)    if the property was sold, state the name, **ADDRESS**, and telephone number of the seller, the date of sale, and the sale price.

**RESPONSE TO INTERROGATORY 7.1:**

No

**INTERROGATORY 7.2:**

Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:

       (a)    the name, **ADDRESS**, and telephone number of the **PERSON** who prepared it and the date prepared;

       (b)    the name, **ADDRESS**, and telephone number of each **PERSON** who has a copy;

       (c)    the amount of damage stated.

//

Plaintiff's Responses to Form Interrogatories

B-10

1    **RESPONSE TO INTERROGATORY 7.2:**

2         N/A

3    **INTERROGATORY 7.3:**

4         Has any item of property referred to in your answer to interrogatory 7.1 been repaired?  If

5    so, for each item state:

6              (a)    the date repaired;

7              (b)    a description of the repair;

8              (c)    the repair cost;

9              (d)    the name, **ADDRESS**, and telephone number of the **PERSON** who

10   repaired it;

11             (e)    the name, **ADDRESS**, and telephone number of the **PERSON** who paid

12   for the repair.

13   **RESPONSE TO INTERROGATORY 7.3:**

14        N/A

15   **INTERROGATORY 8.1:**

16        Do you attribute any loss of income or earning capacity to the **INCIDENT**?  If your

17   answer is "no," do not answer interrogatories 8.2 through 8.8.

18   **RESPONSE TO INTERROGATORY 8.1:**

19        No

20   **INTERROGATORY 9.1:**

21        Are there any other damages that you attribute to the **INCIDENT**?  If so, for each item of

22   damage state:

23             (a)    the nature;

24             (b)    the date it occurred;

25             (c)    the amount;

26             (d)    the name, **ADDRESS**, and telephone number of each **PERSON** to whom

11

B-11

1  an obligation was incurred.

2  **RESPONSE TO INTERROGATORY 9.1:**

3       No

4  **INTERROGATORY 9.2:**

5       Do any **DOCUMENTS** support the existence or amount of any item of damages claimed

6  in interrogatory 9.1?  If so, state the name, **ADDRESS**, and telephone number of the **PERSON**

7  who has each **DOCUMENT**.

8  **RESPONSE TO INTERROGATORY 9.2:**

9       N/A

10  **INTERROGATORY 10.1:**

11       At any time before the **INCIDENT** did you have complaints or injuries that involved the

12  same part of your body claimed to have been injured in the **INCIDENT**?  If so, for each state:

13       (a)     a description;

14       (b)     the dates it began and ended;

15       (c)     the name, **ADDRESS**, and telephone number of each **HEALTH CARE**

16  **PROVIDER** whom you consulted or who examined or treated you.

17  **RESPONSE TO INTERROGATORY 10.1:**

18       Prior to the injury, plaintiff had Lupus (of which she first became aware in

19  approximately 2004) and arthritis (the symptoms of which first appeared in the mid- to late-

20  1990s), for both of which she was treated by Dr Wlodarczyk.  Although these conditions did not

21  directly involve the same parts of Plaintiff's body, they affected her ability to ambulate as do

22  some of the injuries she suffered in the INCIDENT.

23  **INTERROGATORY 10.2:**

24       List all physical, mental, and emotional disabilities you had immediately before the

25  **INCIDENT**.  (You may omit mental or emotional disabilities unless you attribute any mental or

26  emotional injury to the **INCIDENT**).

Plaintiff's Responses to Form Interrogatories

B-12

**RESPONSE TO INTERROGATORY 10.2:**

Objection, privacy as to any and all disabilities not related to conditions directly relevant to those tendered by Plaintiff herein. Without waiving that objection, Plaintiff had disability caused by Lupus and arthritis.

**INTERROGATORY 10.3:**

At any time after the **INCIDENT**, did you sustain injuries of the kind for which you are now claiming damages. If so, for each incident state:

    (a)    the date and place it occurred;

    (b)    the name, **ADDRESS**, and telephone number of any other **PERSON** involved;

    (c)    the nature of any injuries you sustained;

    (d)    the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER** that you consulted or who examined or treated you;

    (e)    the nature of the treatment and its duration.

**RESPONSE TO INTERROGATORY 10.3:**

No

**INTERROGATORY 11.1:**

Except for this action, in the last ten years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:

    (a)    the date, time, and place and location of the **INCIDENT** (closest street **ADDRESS** or intersection);

    (b)    the name, **ADDRESS**, and telephone number of each **PERSON** against whom the claim was made or action filed;

    (c)    the court, names of the parties, and case number of any action filed;

    (d)    the name, **ADDRESS**, and telephone number of any attorney representing

13

Plaintiff's Responses to Form Interrogatories

B-13

1  you;

2           (e)     whether the claim or action has been resolved or is pending.

3  **RESPONSE TO INTERROGATORY 11.1:**

4      No

5  **INTERROGATORY 11.2:**

6     In the last ten years have you made a written claim or demand for worker's compensation

7  benefits?  If so, for each claim or demand state:

8          (a)     the date, time, and place of the **INCIDENT** giving rise to the claim;

9          (b)     the name, **ADDRESS**, and telephone number of your employer at the time

10  of the injury;

11         (c)     the name, **ADDRESS**, and telephone number of the worker's

12  compensation insurer and the claim number;

13         (d)     the period of time during which you received worker's compensation

14  benefits;

15         (e)     a description of the injury;

16         (f)     the name, **ADDRESS**, and telephone number of any **HEALTH CARE**

17  **PROVIDER** that provided services;

18         (g)     the case number at the Worker's Compensation Appeals Board.

19  **RESPONSE TO INTERROGATORY 11.2:**

20      No

21  **INTERROGATORY 12.1:**

22     State the name, **ADDRESS**, and telephone number of each individual;

23         (a)     who witnessed the **INCIDENT** or the events occurring immediately

24  before  or after the **INCIDENT**;

25         (b)     who made any statement at the scene of the **INCIDENT**;

26         (c)     who heard any statements made about the **INCIDENT** by any individual

Plaintiff's Responses to Form Interrogatories

B-14

1    at the scene;

2         (d)    who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has

3    knowledge of the **INCIDENT** (except expert witnesses covered by Code of Civil Procedure

4    section 2034).

5    **RESPONSE TO INTERROGATORY 12.1:**

6         (a)-(d)  A passenger traveling through the airport witnessed Plaintiff's fall and

7    came to her assistance but Plaintiff did not obtain any contact information for her.  The events

8    after the accident were witnessed by the Airport Police Department and Allina Transportation

9    Services.  See Response to Interrogatory 6.6.

10   **INTERROGATORY 12.2:**

11        Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual

12   concerning the **INCIDENT**?  If so, for each individual state:

13        (a)    the name, **ADDRESS**, and telephone number of the individual

14   interviewed;

15        (b)    the date of the interview;

16        (c)    the name, **ADDRESS**, and telephone number of the **PERSON** who

17   conducted the interview.

18   **RESPONSE TO INTERROGATORY 12.2:**

19        Objection on the basis of *Nacht & Lewis Architects, Inc. v. Sup. Ct.* (McCormick)

20   (1996) 47 CA4th 214, 217.

21   **INTERROGATORY 12.3:**

22        Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or

23   recorded statement from any individual concerning the **INCIDENT**?  If so, for each statement

24   state:

25        (a)    the name, **ADDRESS**, and telephone number of the individual from whom

26   the statement was obtained;

15

B-15

1     (b)     the name, **ADDRESS**, and telephone number of the individual who

2 obtained the statement;

3     (c)     the date the statement was obtained;

4     (d)     the name, **ADDRESS**, and telephone number of each **PERSON** who has

5 the original statement or a copy.

6     **RESPONSE TO INTERROGATORY 12.3:**

7     Objection on the basis of *Nacht & Lewis Architects, Inc. v. Sup. Ct.* (McCormick)

8 (1996) 47 CA4th 214, 217.

9 **INTERROGATORY 12.4:**

10     Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs,

11 films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or

12 plaintiff's injuries?  If so state:

13     (a)     the number of photographs or feet of film or videotape;

14     (b)     the places, objects, or persons photographed, filmed, or videotaped;

15     (c)     the date the photographs, films, or videotapes were taken;

16     (d)     the name, **ADDRESS**, and telephone number of the individual taking the

17 photographs, films, or videotapes;

18     (e)     the name, **ADDRESS**, and telephone number of each **PERSON** who has

19 the original or a copy.

20     **RESPONSE TO INTERROGATORY 12.4:**

21     Plaintiff had some snapshots taken of her in a cast and/or bandages.  They are

22 being searched for.

23 **INTERROGATORY 12.5:**

24     Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram,

25 reproduction, or model of any place or thing (except for items developed by expert witnesses

26 covered by Code of Civil Procedure section 2034) concerning the **INCIDENT**?  If so, for each

Plaintiff's Responses to Form Interrogatories

B-16

1  item state:

2            (a)    the type (i.e., diagram, reproduction, or model);

3            (b)    the subject matter;

4            (c)    the name, **ADDRESS**, and telephone number of each **PERSON** who has

5  it.

6      **RESPONSE TO INTERROGATORY 12.5:**

7      No.

8  **INTERROGATORY 12.6:**

9      Was a report made by any **PERSON** concerning the **INCIDENT**?  If so, state:

10            (a)    the name, title, identification number, and employer of the **PERSON** who

11  made the report;

12            (b)    the date and type of report made;

13            (c)    the name, **ADDRESS**, and telephone number of the **PERSON** for whom

14  the report was made.

15      **RESPONSE TO INTERROGATORY 12.6:**

16      See (1) MSP Airport Police Department Incident Report and (2) Airport Fire

17  Department Patient Care Report, produced herewith.

18  **INTERROGATORY NO. 12.7:**

19      Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the

20  **INCIDENT**?  If so, for each inspection state:

21            (a)    the name, **ADDRESS**, and telephone number of the individual making the

22  inspection (except for expert witnesses covered by Code of Civil Procedure 2034);

23            (b)    the date of the inspection.

24      **RESPONSE TO INTERROGATORY NO. 12.7:**

25      No.

26  //

B-17

**INTERROGATORY 14.1:**

Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT**? If so, identify each **PERSON** and the statute, ordinance, or regulation.

**RESPONSE TO INTERROGATORY 14.1**:

Not at this time.

**INTERROGATORY 14.2**:

Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT**? If so, for each **PERSON** state:

(a)     the name, **ADDRESS**, and telephone number of the **PERSON**;

(b)     the statute, ordinance, or regulation allegedly violated;

(c)     whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered;

(d)     the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

**RESPONSE TO INTERROGATORY 14.2:**

Plaintiff does not know.

**INTERROGATORY 17.1**

Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a)     state the number of the request;

(b)     state all facts upon which you base your response;

( c)     state the names, **ADDRESSES**, and telephone numbers of all persons who have knowledge of those facts; and

(d)     identify all **DOCUMENTS** and other tangible things that support your

18

Plaintiff's Responses to Form Interrogatories

B-18

response and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

### RESPONSE TO INTERROGATORY 17.1

#### Request for Admission No. 2:

Plaintiff had neither notice nor actual knowledge of the bankruptcy at any time until after confirmation of the plan; and Plaintiff at all times has qualified, and continues to qualify, to pursue her rights against Defendant's co-obligor who is not subject to the bankruptcy court protection.

#### Request for Admission No. 3:

Plaintiff at all times has qualified, and continues to qualify, to pursue her rights against Defendant's co-obligor who is not subject to the bankruptcy court protection.

#### Request for Admission No. 4:

Plaintiff had neither notice nor actual knowledge of the bankruptcy at any time until after confirmation of the plan; and Plaintiff at all times has qualified, and continues to qualify, to pursue her rights against Defendant's co-obligor who is not subject to the bankruptcy court protection.

#### Request for Admission No. 5:

Plaintiff had neither notice nor actual knowledge of the bankruptcy at any time until after confirmation of the plan; and Plaintiff at all times has qualified, and continues to qualify, to pursue her rights against Defendant's co-obligor who is not subject to the bankruptcy court protection.

#### Request for Admission No. 6:

Plaintiff had neither notice nor actual knowledge of the bankruptcy at any time until after confirmation of the plan; and Plaintiff at all times has qualified, and continues to qualify, to pursue her rights against Defendant's co-obligor who is not subject to the bankruptcy court protection.

Plaintiff's Responses to Form Interrogatories

B-19

### Request for Admission No. 7:

Plaintiff had neither notice nor actual knowledge of the bankruptcy at any time until after confirmation of the plan; and Plaintiff at all times has qualified, and continues to qualify, to pursue her rights against Defendant's co-obligor who is not subject to the bankruptcy court protection.

### Request for Admission No. 8:

Plaintiff had neither notice nor actual knowledge of the bankruptcy at any time until after confirmation of the plan; and Plaintiff at all times has qualified, and continues to qualify, to pursue her rights against Defendant's co-obligor who is not subject to the bankruptcy court protection.

### Request for Admission No. 9:

Plaintiff had neither notice nor actual knowledge of the bankruptcy at any time until after confirmation of the plan; and Plaintiff at all times has qualified, and continues to qualify, to pursue her rights against Defendant's co-obligor who is not subject to the bankruptcy court protection.

### Request for Admission No. 10:

Plaintiff had neither notice nor actual knowledge of the bankruptcy at any time until after confirmation of the plan; and Plaintiff at all times has qualified, and continues to qualify, to pursue her rights against Defendant's co-obligor who is not subject to the bankruptcy court protection.

### Request for Admission No. 11:

Plaintiff had neither notice nor actual knowledge of the bankruptcy at any time until after confirmation of the plan; and Plaintiff at all times has qualified, and continues to qualify, to pursue her rights against Defendant's co-obligor who is not subject to the bankruptcy court protection.

//

Plaintiff's Responses to Form Interrogatories

B-20

**Request for Admission No. 12:**

Plaintiff had neither notice nor actual knowledge of the bankruptcy at any time until after confirmation of the plan; and Plaintiff at all times has qualified, and continues to qualify, to pursue her rights against Defendant's co-obligor who is not subject to the bankruptcy court protection.

**Request for Admission No. 13:**

Plaintiff had neither notice nor actual knowledge of the bankruptcy at any time until after confirmation of the plan; and Plaintiff at all times has qualified, and continues to qualify, to pursue her rights against Defendant's co-obligor who is not subject to the bankruptcy court protection.

**Request for Admission No. 14:**

There is no such statute.

**INTERROGATORY 50.1**

For each agreement in the pleadings:

(a)    identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who had the **DOCUMENT**

(b)    state each part of the agreement not in writing, the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;

(c)    identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;

(d)    identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who had the **DOCUMENT**;

(e)    state each modification not in writing, the date, and the name, **ADDRESS**,

21

1 and telephone number of each **PERSON** agreeing to the modification, and the date the

2 modification was made;

3         (f)    identify all **DOCUMENTS** that evidence any modification of the

4 agreement not in writing and for each state the name, **ADDRESS**, and telephone number of

5 each **PERSON** who had the **DOCUMENT**.

6         **RESPONSE TO INTERROGATORY 50.1**

7         See the NWA Reservation/Ticket/Boarding documents produced herewith.

8 **INTERROGATORY 50.2**

9         Was there a breach of any agreement alleged in the pleadings?  If so, for each describe

10 and give the date of every act or omission that you claim is the breach of the agreement.

11         **RESPONSE TO INTERROGATORY 50.2**

12         Defendant failed to provide the wheelchair it promised.

13 **INTERROGATORY 50.3**

14         Was performance of any agreement alleged in the pleadings excused?  If so, identify each

15 agreement excused and state why performance was excused.

16         **RESPONSE TO INTERROGATORY 50.3**

17         No

18 **INTERROGATORY 50.4**

19         Was any agreement alleged in the pleadings terminated by mutual agreement, release,

20 accord and satisfaction, or novation?  If so, identify each agreement terminated, the date of

21 termination, and the basis of the termination.

22         **RESPONSE TO INTERROGATORY 50.4**

23         No

24 **INTERROGATORY 50.5**

25         Is any agreement alleged in the pleadings unenforceable?  If so, identify each

26 unenforceable agreement and state why it is unenforceable.

Plaintiff's Responses to Form Interrogatories

B-22

1    **RESPONSE TO INTERROGATORY 50.5**

2       No.

3    **INTERROGATORY 50.6**

4       Is any agreement alleged in the pleadings ambiguous?  If so, identify each ambiguous

5 agreement and state why it is ambiguous.

6       **RESPONSE TO INTERROGATORY 50.6**

7       No.

8 DATE: December 17, 2007

9

10

11

12                            /S/
                            MICHAEL COHEN

B-23

VERIFICATION

I, BARBARA JOHNSON, say:

I am a party to the within matter; the herein "Responses to Form Interrogatories" is true to my knowledge or that of my agents, except as to the matters which are therein stated on information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: December 17, 2007

_Barbara Johnson_

BARBARA JOHNSON

B-24

VERIFICATION

I, BARBARA JOHNSON, say:

I am a party to the within matter; the herein "Responses to Form Interrogatories" is true to

my knowledge or that of my agents, except as to the matters which are therein stated on

information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

DATED: December 17, 2007

_____/S/_____

BARBARA JOHNSON

B-25

PROOF OF SERVICE

I am employed at 345 Grove Street, San Francisco, California.  I am over the age of eighteen years and not a party to the within cause.  On the below date, I served the attached PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES on the persons listed below by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Ken M. Markowitz
Kymberly E. Speer
KENNEY & MARKOWITZ L.L.P
255 California Street, Suite 1300
San Francisco, CA 94111
Tel:415/397-3100
Fax:415/397-3170

(XXXX)    **BY MAIL**    I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at San Francisco, California, following ordinary business practices.  The practice of the Michael Cohen, Attorney at Law, for processing of correspondence is that, in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

(    )    **BY PERSONAL SERVICE**    I caused each such attorney/party to be served by hand on the above-named attorneys.

(    )    **BY FACSIMILE**    I caused the said document to be transmitted by facsimile machine to the number indicated after the address(es) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 17, 2007, at San Francisco, California.

_____/S/_____

Plaintiff's Responses to Form Interrogatories

B-26

# KENNEY
# &
# MARKOWITZ
### L.L.P.

ATTORNEYS AT LAW

Elizabeth D. Rhodes
E-mail: erhodes@kennmark.com

Telephone: 415 397-3100
Facsimile:  415 397-3170
Web site: http://www.kennmark.com

255 California Street, Suite 1300
San Francisco, California 94111

May 12, 2008

### VIA FACSIMILE

Michael Cohen, Esq.
ATTORNEY AT LAW
1126 ½ Delaware
Berkeley, CA  94702

Re:    BARBARA JOHNSON v. NORTHWEST AIRLINES, INC., et al.
Our File:                302014-11/93

Dear Mr. Cohen:

We write in response to your inquiries concerning the removal of this action to federal court by Northwest Airlines, Inc. ("Northwest") and Northwest's medical record subpoenas. Please note that Jennifer Joaquin of this office is no longer involved with this case. So you may direct your inquiries to me or Kymberly E. Speer.

Removal to Federal Court

As you know, we removed this matter which is now assigned to Magistrate Judge Elizabeth J. LaPorte of the Northern District.   We intend to accept this judicial assignment. Judge LaPorte will preside over all discovery disputes and trial.

Medical Record Subpoenas

Plaintiff's motion to narrow subpoenas filed in state court now is moot.  The motion concerns subpoenas for plaintiff Barbara Johnson's records issued to San Francisco General Hospital, SF Community Health Network and Foto-Med Solutions.  You argue that Northwest's subpoenas are overbroad.   Under the discovery statutes, information is discoverable if it is unprivileged and is either relevant to the subject matter of the action or reasonably calculated to reveal admissible evidence. *Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 711.  "Discovery may relate to the claim or defense of the party seeking discovery or of any other party to the action." Code Civ. Proc., § 2017.010.

{31199.302014 0133540.DOC}

EXHIBIT  C-1

Michael Cohen, Esq.
May 12, 2008
Page 2

**KENNEY**
**&**
**MARKOWITZ**
**L.L.P.**

Plaintiff has put at issue her medical, mental and emotional status in connection with the alleged incident.  She disclosed in her discovery responses that she suffers from lupus, arthritis and has walked on and off with a cane in the year prior to the incident giving rise to this lawsuit.  As plaintiff admits that she has significant pre-existing conditions that affect her entire body, Northwest is more than justified in requesting the medical records documenting these conditions, which overlap with the injuries plaintiff claims to have suffered in her fall in Minneapolis.  Northwest is entitled to discover the scope and extent of plaintiff's disclosed pre-existing conditions.  Northwest is willing to exclude records of gynecological care.  A custodian of records at the subpoenaed entities would no difficulty recognizing and removing such records.

The records requested are not part of the public court file, nor will every record be admissible at the trial of this matter.  At the appropriate stage of the proceedings, plaintiff is free to request the Court's help in narrowing evidence where such evidence has actually been presented for use as evidence in support of the defense.  The defense, in turn, is free to do the same with respect to evidence presented in support of the plaintiff's action.  The right to proceed in law and motion practice at the trial stage of the proceeding, where exposure of the records is an actual risk, is adequate protection.  It is unreasonable to request, in the context of a personal injury claim made by plaintiff who has disclosed significant pre-existing conditions and injuries, that Northwest submit to a preview and culling of the records by plaintiff's counsel.  It is not likely that the Court will want to take that task over for plaintiff and inadvertently prejudice the defense in the course of that activity.  Most importantly, such efforts are unnecessary as set forth above.

Northwest's obvious concern here is that plaintiff appears to want the right to exclude medical records as she sees fit without providing Northwest the reasonable opportunity to review relevant medical records.  It is simply not feasible to request that a medical care provider remove records.  The risk of prejudice to the defense is great.  It is also an impressive burden on the Court to request an *in camera* review of medical records given the disclosures made by this plaintiff.

We would appreciate a response.

Thank you.

Yours very truly,

ELIZABETH D. RHODES

EDR/njc

{31199.302014 0133540.DOC}

C-2

```
                        *********************
                        ***   TX REPORT   ***
                        *********************


     TRANSMISSION OK

     TX/RX NO              3172
     CONNECTION TEL           120#302014#15105259615
     CONNECTION ID
     ST. TIME              05/12 16:33
     USAGE T               01'03
     PGS. SENT             3
     RESULT                OK
```

# KENNEY & MARKOWITZ L.L.P.
## Attorneys at Law
### 255 California Street, Suite 1300
### San Francisco, California 94111
### Telephone: (415) 397-3100

### E-mail: info@kennmark.com
### Web Site: http://www.kennmark.com
### Facsimile: (415) 397-3170

## FACSIMILE COVER SHEET

| | | |
|---|---|---|
| **Date:** | **May 12, 2008** | |
| **To:** | **Company:** | **Fax No:** |
| Michael Cohen | Attorney at Law | 510-525-9615 |

**From:**       Elizabeth D. Rhodes

**Regarding:**   BARBARA JOHNSON v. NORTHWEST
                AIRLINES, INC., et al.

**Our File:**    302014-93

We're sending:  _3_ page(s), including this page.

Message:

### ORIGINAL TO FOLLOW VIA MAIL:  YES ☐  NO ☒

C-3

# KENNEY & MARKOWITZ L.L.P.
## Attorneys at Law
### 255 California Street, Suite 1300
### San Francisco, California 94111
### Telephone:  (415) 397-3100

### E-mail:  info@kennmark.com
### Web Site:  http://www.kennmark.com
### Facsimile: (415) 397-3170

## F A C S I M I L E   C O V E R   S H E E T

**Date:**              **May 12, 2008**

| **To:** | **Company:** | **Fax No:** |
|---|---|---|
| Michael Cohen | Attorney at Law | 510-525-9615 |

**From:**         Elizabeth D. Rhodes

**Regarding:**     BARBARA JOHNSON v. NORTHWEST AIRLINES, INC., et al.

**Our File:**       302014-93

We're sending:  _3_ page(s), including this page.

Message:

## ORIGINAL TO FOLLOW VIA MAIL:  YES ☐  NO ☒

{31199.302014 0133132.DOC}

THIS FACSIMILE IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE NAMED HEREIN AND IT MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION.  IF YOU ARE NOT THE INTENDED RECIPIENT OF THE FACSIMILE, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED.  IF YOU RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE UNITED STATES POSTAL SERVICE.  WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US. THANK YOU.

C-4

# KENNEY
# &
# MARKOWITZ
### L.L.P.
ATTORNEYS AT LAW

Elizabeth D. Rhodes
E-mail: erhodes@kennmark.com

Telephone: 415 397-3100
Facsimile: 415 397-3170
Web Site: http://www.kennmark.com

255 California Street, Suite 1300
San Francisco, California 94111

May 16, 2008

### VIA E-MAIL AND U.S. MAIL

Michael Cohen, Esq.
ATTORNEY AT LAW
1126 ½ Delaware
Berkeley, CA 94702

Re:   BARBARA JOHNSON v. NORTHWEST AIRLINES, INC., et al.
Our File:         302014-11/93

Dear Mr. Cohen:

This letter is written to confirm our recent "meet and confer" discussions regarding the medical record subpoenas in this case. We note that you would not agree to our request that the "meet and confer" conference be conducted "on the record" using a dictaphone to make a record of our discussions.

Northwest recently issued subpoenas seeking the medical records and billings of plaintiff Barbara Johnson from disclosed providers Foto-Med Solutions, San Francisco General Hospital, SF Community Health Network and Nancy Carteron, M.D. (Now that the case has been removed to federal court, Northwest is re-issuing those subpoenas under the federal caption.) Our "meet and confer" took place in two separate telephone calls on May 14 and 15, 2008.

Plaintiff alleges that she injured her right wrist, hip, back and knee when she fell while exiting a moving walkway at the airport in Minneapolis. In recent written discovery, plaintiff has disclosed that she suffers from dual systemic medical conditions of lupus and arthritis suffered since the 1990s. In our "meet and confer" discussions you acknowledged that plaintiff's systemic conditions are directly related to both causation and damages. Yet you contend that there is no "relevance" standard applicable to the federal subpoenas to be issued, due to the fact that this matter is now in federal court. We also understand that your position is that the Constitutional right of privacy, as set forth in Section 1 of the California Constitution, is a

{31199.302014 0133601.DOC}

EXHIBIT  D-1

KENNEY
&
MARKOWITZ
L.L.P.

Michael Cohen
May 16, 2008
Page 2

complete bar to the discovery of records beyond the disclosed injured areas of plaintiff's right hip, knee, wrist and back. You aver that case law supports this position.

We note that, in a federal action based on diversity of citizenship jurisdiction, state law governs privilege claims. FRE 501; *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 284 (C.D.Cal. 1998.) Your objection based on federal venue therefore is invalid.

Your objections based on the California Constitution and plaintiff's privacy rights also are not well-taken. As the Court observed in *Wilson v Superior Court* (1976) 63 Cal.App.3d 825,

> The whole purpose of the privilege is to preclude the humiliation of the patient that might follow disclosure of his ailments. When the patient himself discloses those ailments by bringing an action in which they are an issue, there is no longer any reason for the privilege. The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too. *Id.* at 829 (internal quotes and citations omitted).

Accordingly, Northwest contends that its subpoenas are entirely appropriate in light of plaintiff's disclosure of her systemic conditions, both of which have multiple and complex symptoms, and some of which will overlap and affect each other. Northwest contends that it is entitled to medical records and billings of the disclosed providers exclusive of medical records and billings pertaining to any obstetric-gynecologic care, if any. Further, since plaintiff has put her medical condition at issue she is not entitled to deny Northwest information regarding the potential effect of plaintiff's condition on the mechanics of her fall and the injuries she claims to have sustained.

Northwest has offered to exclude all obstetric/gynecological records and billings, and indeed the re-issued, federal subpoenas explicitly exclude obstetric/gynecological information. You also have agreed to permit Northwest to obtain records pertaining to plaintiff's conditions of lupus and arthritis (including billing records.) Given your concessions, we do not understand, nor have you explained, how it would be possible to review all of plaintiff's requested medical records to triage whatever records to which you still object. In any event, plaintiff's privacy is protected by the fact that the records and billings to be produced will not become part of any court record unless and until the trial of this matter takes place, at which time plaintiff is free to move the court to exclude any records deemed irrelevant and inadmissible at that time.

{31199.302014 0133601.DOC}

D-2

**KENNEY**
**&**
**MARKOWITZ**
**L.L.P.**

Michael Cohen
May 16, 2008
Page 3

_____

At the conclusion of our last "meet and confer" discussion, we agreed that we have clearly delineated our positions with respect to this discovery dispute. For that reason, we agreed that further meeting and conferring on these issues would not be productive.

Yours very truly,

ELIZABETH D. RHODES

EDR/ljf

D-3

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO            3184
CONNECTION TEL       120#302014#15105259615
CONNECTION ID
ST. TIME            05/16 15:06
USAGE T             01'14
PGS. SENT           4
RESULT              OK
```

# KENNEY & MARKOWITZ L.L.P.
## Attorneys at Law
### 255 California Street, Suite 1300
### San Francisco, California 94111
### Telephone: (415) 397-3100

### E-mail: info@kennmark.com
### Web Site: http://www.kennmark.com
### Facsimile: (415) 397-3170

## FACSIMILE COVER SHEET

**Date:**           **May 16, 2008**

**To:**             **Company:**                      **Fax No:**
Michael Cohen       Attorney at Law                   510-525-9615

**From:**           Elizabeth Rhodes

**Regarding:**      BARBARA JOHNSON v. NORTHWEST
                    AIRLINES, INC., et al.

**Our File:**       302014-93

We're sending: _4_ page(s), including this page.

Message:

Dear Mike,

Attached please find a courtesy faxed copy of our "meet and confer" letter
previously sent by e-mail. Due to the block you have in place for spam e-mails, it
was rejected.

D-4

**KENNEY & MARKOWITZ L.L.P.**
**Attorneys at Law**
**255 California Street, Suite 1300**
**San Francisco, California 94111**
**Telephone: (415) 397-3100**

**E-mail: info@kennmark.com**
**Web Site: http://www.kennmark.com**
**Facsimile: (415) 397-3170**

## FACSIMILE COVER SHEET

**Date:**          **May 16, 2008**

**To:**            **Company:**                          **Fax No:**

Michael Cohen     Attorney at Law                       510-525-9615


**From:**          Elizabeth Rhodes

**Regarding:**     BARBARA JOHNSON v. NORTHWEST
                   AIRLINES, INC., et al.

**Our File:**      302014-93

We're sending: _4_ page(s), including this page.

Message:

Dear Mike,

Attached please find a courtesy faxed copy of our "meet and confer" letter previously sent by e-mail. Due to the block you have in place for spam e-mails, it was rejected.

Regards,

Elizabeth


## ORIGINAL TO FOLLOW VIA MAIL: YES ☒ NO ☐

{31199.302014 0133132.DOC}

THIS FACSIMILE IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE NAMED HEREIN AND IT MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THE FACSIMILE, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE UNITED STATES POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US. THANK YOU.

D-5