1 | Michael Cohen - #98066                    E-filing          Plaintiff Requests a Jury
  | LAW OFFICES OF BRUCE E. KRELL
2 | 345 Grove Street
  | San Francisco, CA 94102
3 | 415/861-4414
  | Fax: 415/431-4526
4 |
  | Attorney for Plaintiff
5 |
6 |
7 |
8 |            UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA
9 | Barbara Johnson,                    No. C0802272VRW
10 |        Plaintiff,                   REPLY MEMORANDUM OF POINTS AND
   |                                     AUTHORITIES IN SUPPORT OF MOTION TO
11 | vs.                                 NARROW SUBPENAE DUCES TECUM
12 | Northwest Airlines, Inc et al,      DATE: 9/18/08
   |                                     TIME: 2:30 A.M.
13 |        Defendant.                   DEPT: Courtroom 6, 17th Floor
   |                           /
14 |

15       The issue is simple.  The right of privacy bars discovery of all medical conditions not

16  tendered by the plaintiff.

17       Plaintiff has tendered herein her right hip, wrist, back and knee, plus the lupus and

18  arthritis.  Defendant demands production of all medical records NOT pertaining to Plaintiff's

19  right hip, wrist, back and knee, lupus and arthritis, except for OBGYN records.

20       There is no legal justification for Defendant's position; and the points Defendant raises in

21  its response are unmeritorious, as follows:

22           1.      The "direct relevance" privacy standard is NOT limited to the

23  psychological context, as is more than clear from all the cases other than *Lifschutz* which the

24  moving papers cite, all of which involve physical injuries; and the *Wilson* case cited in the

25  Response for the defense's unmeritorious point is not authority for that point at all, since all it

26  does is state the basic premise of the issue as set forth above, that the right of privacy (and its

1

1  heightened discovery standard) is waived as to all medical conditions tendered by the plaintiff,

2  but applies to all other medical conditions.  There is nothing in *Wilson* which can be used to

3  justify discovery of medical conditions NOT TENDERED by the plaintiff; and, indeed, in light

4  of the medical conditions and parts of the body which Plaintiff herein expressly agrees are

5  discoverable (again, her right hip, wrist, back and knee; plus the lupus and arthritis), it is hard to

6  imagine any other medical records that even possibly COULD be directly relevant, since, under

7  Plaintiff's objections, Defendant will receive both (a) all records pertaining to parts of Plaintiff's

8  body affected by the at-issue fall; and (b) all records pertaining to lupus and arthritis.

9          2.        That the records need not become "public" and remain subject to objection

10  at trial essentially misses the point.  As is clear from all of the cases Plaintiff has cited, the right

11  of privacy bars defendants from rummaging around in a person's medical records in hopes of

12  finding something relevant.

13          That is one of the main functions of the privacy right in litigation; so,

14  under the controlling authorities cited by Plaintiff, even if there might be something the defense

15  could argue that might be relevant in private records other than those records reflecting

16  conditions and/or body parts tendered in the litigation [such as (a) an assault plaintiff's

17  "aggressive tendencies or . . . other personal attributes that might be related to the assault", or (b)

18  a lost earning capacity plaintiff's OTHER injuries or conditions that might have contributed to

19  that loss], a defendant may not rummage around in private records not involving tendered issues

20  hoping that such nugget favoring the defense might be there.

21          Therefore, Plaintiff respectfully requests that the motion be granted, and that the at-issue

22  subpenae be narrowed accordingly.

23  DATED: September 3, 2008

24

25

                                        /S/
26                                     MICHAEL COHEN

                                        2

Reply Memorandum of Points and Authorities in
Support of Motion to Narrow Subpena Duces Tecum