# KENNEY & MARKOWITZ L.L.P.

ATTORNEYS AT LAW

Kymberly E. Speer
E-mail: kspeer@kennmark.com

Telephone: 415 397-3100
Facsimile: 415 397-3170
Web site: http://www.kennmark.com

255 California Street, Suite 1300
San Francisco, California 94111

September 4, 2008

**VIA E-FILING**

The Honorable Vaughn R. Walker
United States District Court
For the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

   Re: Johnson v. Northwest Airlines, Inc., et al.
      Case No. C08-02272 VRW
      Our File: 302014

Dear Judge Walker:

  We write to in response to plaintiff's letter of September 3, 2008, which inaccurately portrays the history of this case with pejorative and incorrect assertions.[1] Rather than belabor each of plaintiff's misstatements, we will go straight to the heart of the matter.

  This Court should retain the order of proceedings established in Local Rule, with discovery stayed until after the Initial Pretrial Conference on October 9, 2008. This hearing will occur quickly enough to make plaintiff's request for an exceptional discovery order practically moot. Northwest also respectfully submits that the fact and tone of plaintiff's letter strongly suggests that the Initial Pretrial Conference is particularly timely and necessary, in order to establish a *constructive* model for resolving this litigation, with an appropriate discovery schedule.

  One of plaintiff's misstatements does require strong rejoinder. Northwest Airlines has not "done most of [its] basic discovery." In fact, the parties are in the same place with regard to discovery: So far neither side has any information of substance. This is not for lack of trying on Northwest's part. Northwest has not even been able to subpoena plaintiff's medical records,

---

[1] *e.g.*, Northwest's motion to dismiss was not "unsuccessful" but rather was withdrawn after the parties reached an accommodation on relief from the airline's automatic bankruptcy stay. The "discovery motions" to which plaintiff alludes included Northwest's successful motion to stop plaintiff from evading interrogatories about the amount in controversy.

{31199.302014 0134968.DOC}

KENNEY
&
MARKOWITZ
L.L.P.

The Honorable Vaughn R. Walker
September 4, 2008
Page 2

---

because plaintiff has blocked this discovery with a formal motion to "narrow" the subpoenas set for hearing on September 18, 2008. Without the records, Northwest is not in a position to depose plaintiff or her treating physicians even if the current temporary discovery stay were not in place. Northwest also notes plaintiff's acknowledgment that she ignored her discovery opportunities when the case was in state court ("…along with other circumstances relevant to sole practice…")

Northwest Airlines respectfully submits this matter to this Court's capable hands, and suggests that if the Court wishes this issue can be addressed at the September 18, 2008 hearing on the subpoena motion.

Respectfully submitted.

Very truly yours,

KYMBERLY E. SPEER

KES/sn
cc: Michael Cohen, Esq.